526 A.2d 395

COMMONWEALTH of Pennsylvania

v.

**Thomasine TYSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 19, 1987.

Filed May 18, 1987.

Melaine S. Rothey, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellee.

Before ROWLEY, DEL SOLE and TAMILIA, JJ.

DEL SOLE, Judge:

Appellant, Thomasine Tyson, was charged with aggravated assault and Violation of the Uniform Firearms Act (VUFA). Following a jury trial, she was found guilty of all charges. Appellant was sentenced to a mandatory minimum term of imprisonment of five (5) to ten (10) years for the aggravated assault conviction (18 Pa.C.S.A. § 2702(a)(1)), and a concurrent term of two (2) years to five (5) years for the VUFA violation. A timely notice of appeal was filed by the public defender's office which was appointed to represent Appellant in this appeal.

After two sharply contradictory renditions of the events leading up to the charges, the facts as determined by the jury can be summarized as follows. Lorenzo Jones, the victim, was shot in the leg and stomach by the defendant, Thomasine Tyson, on June 8, 1986. The parties had been romantically involved some four years earlier, and their child at the time of the shooting was approximately four years old. On the date in question, the victim went to the home of Gloria Daniels looking for Appellant and his son. Ms. Daniels and Ms. Tyson were in an automobile in front of the house. Jones received permission from Ms. Tyson to go and see the child, who was asleep upstairs. When Jones checked the boy he noticed he had wet himself and woke him in order to clean him. Appellant and Ms. Daniels returned home shortly thereafter and when Jones informed Appellant that he was taking the boy home to care for him a struggle ensued. Jones finally made his way out with the boy and proceeded to walk towards his house carrying the child and pushing his ten speed bike.

After a few blocks, Appellant and Ms. Daniels pulled up in a car. Appellant got out of the car and was carrying a gun. Jones walked toward her with the boy in his arms. He asked her what the gun was for and she stated she wanted the child back. When Jones reiterated his intention to take the boy home and "clean him up," Appellant shot him in the leg. After he put the child down, Appellant shot him again in the stomach.

Ms. Daniels grabbed the boy and she and Appellant got into the car. Before they could leave the scene, the police arrived and Appellant was arrested.

The sole issue before us is whether trial counsel was ineffective. The specific allegations of ineffectiveness are: (1) failing to preserve for appellate review the challenge to the sufficiency of the evidence; (2) failing to present expert testimony regarding the "battered woman's syndrome"; and (3) failing to request a jury instruction regarding the significance of prior violent acts of the victim.

 Pennsylvania law regarding ineffective assistance of counsel is well documented. The process to be utilized is a three-pronged analysis consisting first of a determination of whether the issue underlying the ineffectiveness claim is of arguable merit. The second prong evaluates whether the course chosen by counsel had some reasonable basis aimed at promoting the Appellant's interests, and the third prong requires the Appellant to establish that the ineffectiveness so prejudiced his case that it is likely that the result would reasonably have been different absent the errors. *Commonwealth v. Brandt*, 353 Pa.Super. 250, 509 A.2d 872 (1986); citing *Commonwealth v. Pierce*, 345 Pa.Super. 324, 498 A.2d 423 (1985). Throughout this process, the law presumes effective counsel, and the Appellant has the burden of proving ineffectiveness. *Commonwealth v. Brandt, supra.*

In the present case, trial counsel filed a Motion in Arrest of Judgment and for a New Trial containing nothing more than a boilerplate general allegation regarding the sufficiency of the evidence. Since trial counsel failed to elaborate on the specifics of the insufficiency claim, he failed to preserve the issue for appellate review. *Commonwealth v. Holmes*, 315 Pa.Super. 256, 461 A.2d 1268 (1973). However, as the following will show, this is not a meritorious issue and therefore trial counsel cannot be deemed ineffective for failing to pursue it.

384

■ The law is settled in this Commonwealth that in reviewing the sufficiency of the evidence, the appellate court is required to review all the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, which has won the verdict. *Commonwealth v. Rivera*, 349 Pa.Super. 303, 503 A.2d 11 (1985). In the case sub judice, we must determine whether the evidence, viewed as noted above, is sufficient to permit a finding beyond a reasonable doubt that each element of the offense of aggravated assault under 18 Pa.C.S.A. § 2702(a)(1) were present. *Id.*

A person commits the crime of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1).

■ The evidence, when viewed under the standard for reviewing sufficiency claims reveals the following sequence of events. Appellant pursued the victim in her car, got out, pointed a gun at him and insisted that he relinquish the child. When he refused, she fired the gun and shot the victim in the leg. A second firing hit him in the abdomen. It is clear that the evidence is sufficient to support a conviction for aggravated assault. Moreover, Ms. Tyson's contention that the Commonwealth failed to proffer sufficient evidence to disprove her overwhelming evidence of self defense is without merit. The circumstances under which the use of deadly force for self protection is justified is statutorily determined. 18 Pa.C.S.A. § 505. When the evidence establishes that the person asserting self defense provoked the incident or violated the duty to retreat, the defense is clearly unavailable. Appellant's argument to the contrary rests entirely on her testimony, which was contradicted by the victim's version of the assault. It is axiomatic that the credibility of witnesses is a matter for the factfinder, who is entitled to accept all, part or none of the testimony of a witness as true, including that of a defendant whose testimony suggests self-defense. *Commonwealth v. Cor-*

*bin,* 322 Pa.Super. 271, 469 A.2d 615 (1983); *Commonwealth v. Smith,* 484 Pa. 71, 398 A.2d 948 (1979).

Any assertion that the evidence was insufficient to support the conviction for aggravated assault is meritless. Therefore, trial counsel was not ineffective for failing to preserve the meritless issue. *Pierce, supra.*

Appellant next contends that trial counsel was ineffective for failing to present expert testimony regarding the "battered woman's syndrome" which would have buttressed her cause of self-defense.

In the recent decision of this Court, *Commonwealth v. Stonehouse,* 358 Pa.Super. 270, 517 A.2d 540 (1986), we found that defendant's counsel's failure to raise a defense of the "battered woman's syndrome" did not constitute ineffective assistance of counsel as "battered woman's syndrome" is not yet recognized as a viable defense in a case of homicide.

■ Upon application of the above rationale to the instant case, trial counsel cannot be deemed ineffective for failure to present an expert witness on the "battered woman's syndrome" when this form of justification defense has not yet been recognized by the courts of the Commonwealth. Again, Appellant has failed to prove her claim has arguable merit.

Finally, Appellant claims that trial court's failure to request a jury instruction concerning the victim's prior acts of violence rendered his assistance ineffective. The basis of Appellant's argument is that this type of instruction was necessary because the evidence adduced at trial of the victim's prior acts of violence was critical to show Ms. Tyson's state of mind when she allegedly acted in self-defense in shooting the victim.

As set out earlier in this writing, it is elementary that a finding of ineffectiveness can never be made unless we conclude that Appellant was prejudiced by counsel's conduct or strategy to the extent that it is reasonable to determine that the result would have been different had

counsel pursued the action currently proposed. *Commonwealth v. Pierce, supra.*

"A court's charge to the jury will be upheld if it adequately and accurately reflects the law and was sufficient to guide the jury properly in its deliberations." *Commonwealth v. Stonehouse, supra,* 358 Pa.Superior Ct. at 279, 517 A.2d at 545; citing *Commonwealth v. Reynolds,* 256 Pa.Super. 259, 389 A.2d 1113, 1122 (1978).

■ Our review of the record leads us to conclude that the extensive charge on self-defense and the court's specific warning that the juror's reach their verdict based on the evidence presented using common sense (Partial Transcript, p. 47) was sufficient to insure that the jurors considered the testimony regarding the alleged prior violent acts of the victim in considering Appellant's justification defense. We do not find the omission of the instruction at issue here prejudicial to the Appellant. We find that it is not reasonably likely that the result would have been different had the trial court instructed the jury in some manner, (not now specified by the Appellant), on the relevance of the victim's prior violent acts. Therefore, Appellant has failed to prove the requisite prejudice for trial counsel to be deemed ineffective. *Pierce, supra.*

Order affirmed.