539 A.2d 1314

**COMMONWEALTH of Pennsylvania**

v.

**Girlie SINGH, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 2, 1987.

Filed Feb. 26, 1988.

Reargument Denied April 26, 1988.

Burton A. Rose, Philadelphia, for appellant.

Ann A. Osborne, Assistant District Attorney, Radnor, for Com., appellee.

Before BECK, KELLY and POPOVICH, JJ.

514

POPOVICH, Judge:

This is an appeal from the judgment of sentence (5–10 years) for voluntary manslaughter and possession of an instrument of crime by the appellant, Girlie Singh. We affirm.

Counsel other than trial counsel (first counsel) is representing the appellant on appeal and raises four (4) issues for our consideration.

The initial contention by the appellant challenges the sufficiency of the evidence for voluntary manslaughter, as well as questioning whether the Commonwealth met its burden of disproving the appellant's self-defense argument. We find that this bifurcated issue does not withstand scrutiny under a waiver analysis.

To explicate, the post-trial motions filed merely alleged that the verdict was against the weight of the evidence and that the court erred in denying the appellant's demurrer. Moreover, in supplemental post-trial motions submitted by second, appointed counsel, which were restricted to assailing the ineffectiveness of first counsel, nowhere therein is the *basis* for an attack on the sufficiency of the evidence elaborated upon to satisfy the specificity requirements enunciated by *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979) and followed by this Court in *Commonwealth v. Holmes*, 315 Pa.Super. 256, 461 A.2d 1268 (1983). Nor does appellate counsel, who is the third counsel and unassociated with prior counsel, assert the ineffectiveness of previous counsel as a vehicle by which the self-defense argument of the appellant in the first issue can be addressed. See *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.3d 435 (1975); *Commonwealth v. Klaric*, 263 Pa.Super. 286, 397 A.2d 1212 (1979); *Commonwealth v. Sweitzer*, 261 Pa.Super. 183, 395 A.2d 1376 (1978). Accordingly, the matter is deemed waived.

The second issue posed relates to the claimed ineffectiveness of trial counsel in not requesting an instruction inform-

ing the jury about the victim's alleged pattern of spousal abuse in support of the appellant's argument and belief that deadly force was necessary to repulse the victim.

Albeit (second) post-trial counsel also failed to raise the issue at bar, appellate counsel labels such counsel as ineffective for not doing so. This appeal being the first occasion that counsel other than counsel whose stewardship is being challenged is representing the appellant, it is the proper stage at which to examine the claim. See *Dancer*, supra; see also *Commonwealth v. Jenkins*, 362 Pa.Super. 138, 143 n. 5, 523 A.2d 813, 816 n. 5 (1987).

As has been oft-stated, before counsel will be deemed ineffective, the contention of ineptness must be determined to be of arguable merit. If such is the case, the court is to determine if counsel had some reasonable basis for not acting in his client's best interests. See *Commonwealth v. Jennings*, 285 Pa.Super. 295, 427 A.2d 231 (1981). Furthermore, the appellant must establish how he has been prejudiced by counsel's ineffectiveness before relief will be granted. See *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.3d 973 (1987).

■ Under the aforesaid standard, we take odds with the appellant's contention that *Commonwealth v. Watson*, 494 Pa. 467, 431 A.2d 949 (1981) entitled her to a jury instruction explaining the relevancy of the victim's prior acts of violence as a defense for her shooting the victim.

*Watson* makes no such pronouncement warranting, ipso facto, a jury instruction when there is evidence of prior violent acts by the victim upon the defendant. Rather, *Watson* stands for the proposition that a history of the defendant's abuse at the hands of the victim is relevant to support a claim of self-defense. Accord *Commonwealth v. Stewart*, 483 Pa. 176, 394 A.2d 968 (1978) and *Commonwealth v. Darby*, 473 Pa. 109, 373 A.2d 1073 (1977), wherein both cases found that a defendant should have been allowed to testify to knowledge of the decedent's prior violent behavior to corroborate an accused's testimony as to a justification defense.

■ Instantly, the appellant was given the opportunity to and did present evidence regarding the prior acts of violence by the decedent against her. Thus, we find the *Watson* requirement of allowing evidence of prior acts of violence by the decedent upon the defendant to have been satisfied. Therefore, the conclusion drawn by the appellant from the *Watson* ruling is unjustified, and this, in ineffectiveness of counsel terms, means there is no arguable merit to the claim. (See Trial Court Opinion at 14–15) Ergo, counsel will not be held to have rendered less than competent representation to the appellant at trial.

Moreover, we find that *Commonwealth v. Fisher*, 342 Pa.Super. 533, 493 A.2d 719 (1985) is not supportive of a new trial, under the particular facts of this case.

In *Fisher*, trial counsel was held to be inept for submitting an untimely charge seeking to present to the jury evidence of the victim's prior acts of violence against the appellant. Because this evidence was deemed to be appropriate to reflect on the appellant's reasonableness in believing he was faced with imminent death or serious bodily injury, we reversed the judgment of sentence and remanded for a new trial.

Instantly, unlike in *Fisher*, the record is replete with instances in which the history of physical abuse of the appellant by the victim was recounted in depth and at length. In contrast, in *Fisher* it appears that the *only* evidence of the prior incidents of physical abuse by the victim against the appellant would have surfaced solely through trial counsel's requested charge, which was denied by the trial court. Therefore, we find the case at bar to be more akin to *Commonwealth v. Tyson*, 363 Pa.Super. 380, 526 A.2d 395 (1987), wherein a claim of ineffectiveness of counsel for failure to request a jury instruction concerning the victim's prior acts of violence was found wanting. In doing so, we wrote the following:

... Appellant claims that trial court's [sic—counsel's] failure to request a jury instruction concerning the victim's prior acts of violence rendered his assistance inef-

fective. The basis of Appellant's argument is that this type of instruction was necessary because the evidence adduced at trial of the victim's prior acts of violence was critical to show Ms. Tyson's state of mind when she allegedly acted in self-defense in shooting the victim.

As set out earlier in this writing, it is elementary that a finding of ineffectiveness can never be made unless we conclude that Appellant was prejudiced by counsel's conduct or strategy to the extent that it is reasonable to determine that the result would have been different had counsel pursued the action currently proposed. *Commonwealth v. Pierce, supra.*

"A court's charge to the jury will be upheld if it adequately and accurately reflects the law and was sufficient to guide the jury properly in its deliberations." *Commonwealth v. Stonehouse, supra* [358 Pa.Super. 270], 517 A.2d [540] at 545 [1986], citing *Commonwealth v. Reynolds,* 256 Pa.Super. 259, 389 A.2d 1113, [1]122 (1978).

Our review of the record leads us to conclude that the extensive charge on self-defense and the court's specific warning that the juror's [sic] reach their verdict based on the evidence presented using common sense ... was sufficient to insure that the jurors considered the testimony regarding the alleged prior violent acts of the victim in considering Appellant's justification defense. We do not find the omission of the instruction at issue here prejudicial to the Appellant. We find that it is not reasonably likely that the result would have been different had the trial court instructed the jury in some manner, (not now specified by the Appellant), on the relevance of the victim's prior violent acts. Therefore, Appellant has failed to prove the requisite prejudice for trial counsel to be deemed ineffective. *Pierce, supra.*

363 Pa.Super. at 385–86, 526 A.2d at 398.

As in *Tyson,* the trial court here gave a self-defense charge which asked the jury to utilize "common sense" in "deciding the facts" before reaching a verdict. Further,

two of the appellant's children gave an accounting of a "violent" relationship between their parents which escalated over the last year of marriage to a scenario of weekly abuse in which the appellant was struck to the point of having black eyes and bruises on her body.

Likewise, the appellant's recitation of her marriage depicted a woman locked into a verbally and physically offensive relationship which heightened in intensity when the victim became intoxicated, and this occurred every day during the last year of marriage and culminated in the appellant retrieving a gun to protect herself. We read the appellant's marriage to be one held together out of fear of reprisal from the victim if she left, the need to have financial assistance in raising her three children and the hope that the victim would change his abusive ways.

Thus, just as in *Tyson* but unlike in *Fisher*, the record is saturated with accountings of the victim's conduct toward the appellant. In fact, her apprehension of the victim was echoed in the testimony of the appellant's children and the psychologist employed by the defense to test and evaluate the appellant's state of mind on the evening of the shooting, which resulted in six bullets penetrating the victim's head and upper torso.

Accordingly, as we ruled in *Tyson,*

We do not find the omission of the instruction at issue here prejudicial to the Appellant. We find that it is not reasonably likely that the result would have been different had the trial court instructed the jury in some manner ... on the relevance of the victim's prior violent acts. Therefore, Appellant has failed to prove the requisite prejudice for trial counsel to be deemed ineffective. *Pierce,* supra.

Id.

We can add nothing to the remarks of this Court in *Tyson,* for the response is appropriate in disposing of the appellant's ineffectiveness of counsel claim here.

The third issue appearing in the appellant's brief alleges trial counsel's ineffectiveness in failing to object to various statements by the prosecutor in his closing argument, which are said to have prejudiced the appellant.

We have read the record and are in agreement with the trial court's finding that the actions of the prosecutor merely responded to the characterization of the decedent painted by the appellant, i.e., "brutish", "alcoholic" and a "pimp". Further, we find the trial court's response to this issue, as well as the fourth proffered by the appellant challenging the admission of four photographs of the decedent's bullet-wounds, is adequately responded to at pages 10–13 and pages 5–6, respectively, of the opinion filed with this Court.[1]

Judgment of sentence affirmed.

KELLY, J. concurs in the result.

---

1. We would note that, albeit the appellant makes reference to six issues in her "Statement of the Questions Involved", in the body of the appellant's brief only four Roman-numeraled issues are presented for our consideration. All, of the four recited, have been answered by this Court. We read the other two claims to be subsumed within the ones addressed. Thus, they do not need separate consideration.