582 A.2d 1312

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Girlie SINGH, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 26, 1989.

Decided Dec. 13, 1990.

A. Charles Peruto, Sr., Burton A. Rose, Philadelphia, for appellant.

William H. Ryan, Jr., Dist. Atty., Anne Osborne, Asst. Dist. Atty., for appellee.

## ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

LARSEN, J., did not participate in the consideration or decision of this case.

ZAPPALA, J., files a dissenting statement.

ZAPPALA, Justice, dissenting.

I must dissent from the decision of this Court to dismiss this matter as improvidently granted. Appellant Girlie Singh was convicted of voluntary manslaughter and possession of an instrument of crime following the shooting death of her husband, Frankie Singh. Throughout the trial of the case, the Appellant had maintained that the killing was done in self-defense after the deceased threatened to harm her with a knife.

We granted allocatur to address the Appellant's contention that trial counsel was ineffective for failing to request an instruction to the jury advising that prior acts of spousal violence could be considered by the jury in support of her claim of self-defense. The Superior Court had rejected the Appellant's ineffectiveness claim on the basis that she was permitted to present evidence regarding the husband's history of alcohol abuse and prior acts of violence against her. Indeed, a portion of this evidence involved testimony of two

of the children of the Appellant and deceased that gave an accounting of a turbulent and violent relationship between their parents which escalated during the last year of marriage to weekly episodes of physical abuse by the husband.

The Superior Court addressed the relationship as follows:

Likewise the appellant's recitation of her marriage depicted a woman locked into a verbally and physically offensive relationship which heightened in intensity when the victim became intoxicated and this occurred every day during the last year of marriage and culminated in the appellant retrieving a gun to protect herself. We read the appellant's marriage to be one held together out of fear of reprisal from the victim if she left, the need to have financial assistance in raising her three children and the hope that the victim would change his abusive ways.

*Commonwealth v. Singh,* 372 Pa.Super. 512, 518, 539 A.2d 1314, 1316–1317 (1988). Citing its decision in *Commonwealth v. Tyson,* 363 Pa.Super. 380, 526 A.2d 395 (1987), the Superior Court concluded that the trial court's self-defense charge and request that the jury utilize "common sense" in deciding the facts before reaching a verdict was sufficient in light of the extensive testimony of spousal abuse. The Superior Court held that trial counsel was not ineffective for failing to request an instruction relating to the victim's pattern of abuse and Appellant's belief that deadly force was necessary to defend against her husband.

The Superior Court's analysis misses the point. Although the jury heard lengthy testimony about the victim's violent nature and the abusive relationship between the Appellant and the victim, the jury was never given guidance as to the legal significance of the history of the abuse in determining whether the Appellant reasonably believed that she was in danger of death or serious bodily injury. The jury was required to address the relevance of the husband's prior acts of violence against the Appellant in a vacuum.

As I stated in my concurring opinion in *Commonwealth v. Stonehouse,* 521 Pa. 41, 66, 555 A.2d 772, 785 (1989), in which this identical issue was raised, "Trial counsel's failure

to request such an instruction was inimical to his client's interests. No more harmful omission is conceivable." I would hold that trial counsel was ineffective for failing to request such an instruction and grant a new trial to the Appellant.