644 A.2d 204

**COMMONWEALTH of Pennsylvania**

**v.**

**Donald GRANBERRY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 1, 1993.

Filed Feb. 7, 1994.

Reargument Denied July 28, 1994.

Donald Granberry, appellant, pro se.

Patrick M. Carey, Asst. Dist. Atty., Erie, for the Com., appellee.

Before ROWLEY, President Judge, and JOHNSON and BROSKY, JJ.

BROSKY, Judge.

Donald Granberry appeals from the July 9, 1992, trial court order denying his second petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541 *et seq.* Appellant's appellate counsel, Joseph P. Burt, Esquire, has filed a petition to withdraw as counsel.

Appellant pled guilty to false reports and on March 1, 1984 he was sentenced by Judge William E. Pfadt to one-to-two years imprisonment (this case was docketed at No. 1753 Erie County 1983). He did not appeal to our Court. In a consolidated case (No. 1264 Erie County 1983) a jury found appellant guilty of burglary, receiving stolen property and conspiracy; on September 27, 1984 he was sentenced by Judge Jess S. Juiliante to four-to-eight years imprisonment. On January 9, 1984 appellant pled guilty to conspiracy and burglary; these crimes were docketed under the same Erie County Docket Number (No. 1264 of 1983) as the jury convictions of burglary, receiving stolen property and conspiracy. On March 1, 1984 appellant was sentenced by Judge James Dwyer to one-to-two years imprisonment and eight years probation, to run consecutive to the term of imprisonment.

Appellant appealed the jury convictions and on October 18, 1985 a panel of this Court affirmed his judgment of sentence. *Commonwealth v. Granberry,* (No. 1380 Pittsburgh 1984). Appellant then filed a petition under the Post Conviction Hearing Act ("PCHA"), 42 Pa.C.S. §§ 9541–9551 (Repealed April 13, 1988); the PCHA petition concerned his convictions under Nos. 1753 and 1264 Erie County 1983. An attorney from the Erie County Public Defender's Office was appointed to represent appellant. Trial Court Order, 9/12/86. On September 20, 1990, the trial court denied the petition, without a hearing. An untimely appeal was quashed by this Court on May 6, 1992. Appellant then apparently violated his probation at No. 1264 Erie County 1983 (the record is unclear regarding this matter but our conclusion is based upon events that transpire in the record subsequent to the gap in the record) and was sentenced.

Appellant then filed a direct appeal to our Court (regarding No. 1264 Erie County, 1983), raising ineffectiveness of counsel issues, a claim that the trial court erred in revoking his probation and a claim that his sentence for probation violation was excessive. On May 21, 1992 our Court found the ineffectiveness claims meritless and the probation revocation claim meritless, 421 Pa.Super. 648, 613 A.2d 28, but, found that the sentence of seven and one-half to fifteen years imprisonment for probation violation "has not been supported by the record before us and unless substantiated by review in accordance with the sentencing code ... it may be considered excessive[ ]"; our Court remanded for resentencing. *Commonwealth v. Granberry*, (No. 1502 Pittsburgh 1990, at 9–10). Appellant was resentenced and filed an appeal to this Court; as of this writing there has been no disposition of that appeal. *Commonwealth v. Granberry*, (No. 1342 Pittsburgh 1992).

Appellant then filed the instant *pro se* PCRA petition, his second post-conviction petition, and his issues and entire argument were as follows:

(1) Trial counsel was ineffective; (2) appellate counsel was ineffective; (3) denial of my 5th and 14th Amend. rights to due process; (4) Inordinate delay; (5) Counsel on PCHA petition was ineffective; (6) Denial of my 1st Amend. right to access of the courts; (7) Prosecutorial misconduct; (8) Official oppression; (9) Denial of my right to appeal; (10) Denial of my 6th Amend. right to a fair trial; (11) Abuse of discretionary aspects of sentence.

Appellant's PCRA Petition. The trial court did not appoint counsel and on July 9, 1992 denied the petition without a hearing. Counsel was appointed for appellant and the instant appeal was filed. The only issue raised was that the trial court erred in failing to appoint PCRA counsel and in denying the PCRA petition without a hearing. Appellant's appellate counsel, Joseph P. Burt, Esquire, then filed a petition to withdraw as counsel and advised appellant that he could raise additional issues. On September 22, 1993 appellant filed a *pro se* supplemental brief, alleging that (1) his counsel was ineffective (a) for failing to appeal from the denial of his PCHA

petition (appellant's first post-conviction petition), (b) for failing to amend the *pro se* PCHA petition and failing to function as appellant's counsel, (c) counsel failed to request relief on appellant's behalf regarding a September 16, 1986, trial court order, and, (d) present counsel failed to review trial transcripts before he filed the instant petition to withdraw and failed to include in the "no merit letter" and *"Anders* brief" the issues that appellant wished to have raised; (2) the trial court erred by dismissing the PCHA and PCRA petitions without appointing counsel to assist appellant in amending the petitions; and, (3) the trial court erred (a) in waiting four years to rule on appellant's PCHA petition, (b) in refusing to enforce orders granting appellant's requests for transcripts, (c) in failing to grant appellant's requested relief regarding the September 16, 1985 trial court order, and, (d) in not properly notifying appellant of the summary dismissals of the PCHA and PCRA petitions.

. Our scope of review, when examining a post-conviction court's grant or denial of relief is limited to determining whether the court's findings were supported by the record and the court's order is otherwise free of legal error. *Commonwealth v. McClucas,* 378 Pa.Super. 202, 548 A.2d 573 (1988). The findings of the post-conviction court will not be disturbed unless they have no support in the record. *Id.*

■ To be eligible for relief under the Post Conviction Relief Act, an appellant must plead and prove by a preponderance of evidence that his conviction resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Dukeman,* 388 Pa.Super. 469, 565 A.2d 1204 (1989); 42 Pa.C.S. § 9543(a)(2)(ii).

■ In establishing a claim of ineffectiveness an appellant must initially demonstrate that the issue underlying the claim of ineffectiveness has arguable merit. *Commonwealth v. Smith,* 380 Pa.Super. 619, 552 A.2d 1053 (1988). Next, if appellant's claim does have arguable merit, we must deter-

mine whether counsel's failure to pursue the matter had some reasonable basis designed to serve the interests of his client. *Id.* Finally, if the record reveals that counsel was ineffective, it must be determined whether appellant has demonstrated that counsel's ineffectiveness so prejudiced the appellant's case that it is likely that the result would have been different absent the errors. *Commonwealth v. Tyson,* 363 Pa.Super. 380, 526 A.2d 395, *appeal denied* at 518 Pa. 618, 541 A.2d 745 (1987).

The burden of establishing ineffective assistance of counsel rests upon the appellant since counsel's representation is presumed to be effective. *Commonwealth v. Jones,* 389 Pa.Super. 159, 566 A.2d 893 (1989). Appellant must demonstrate that counsel's omission or commission was arguably ineffective and the likelihood that appellant was prejudiced as a result thereof. *Id.*

A claim of ineffectiveness of trial counsel must be raised at the first opportunity at which the counsel whose ineffectiveness is being challenged no longer represents the defendant. *Commonwealth v. Miller,* 388 Pa.Super. 7, 564 A.2d 975 (1989). "For the purposes of [the PCRA], an issue is waived if the petitioner failed to raise it and if it could have been raised ... on ... appeal or [in any] other proceeding actually conducted or in a prior proceeding actually initiated under [the PCRA]." 42 Pa.C.S. § 9544(b). Appellant must also prove by a preponderance of the evidence that the allegation of error has not been previously litigated. 42 Pa.C.S. § 9543(a)(3).

> Initially, we note that since this is appellant's second petition[ ] for post-conviction relief, it "will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Lawson,* 519 Pa. 504, 513, 549 A.2d 107, 112 (1988); *see also Commonwealth v. Blackwell,* 384 Pa.Super. 251, 558 A.2d 107 (1989) (applying *Lawson* standard of review to second or subsequent petitions filed under the PCRA). This standard is met if the petitioner can demonstrate either that the proceedings resulting in his [or her]

conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred or that he [or she] is innocent of the criminal charges.

*Commonwealth v. Ryan,* 394 Pa.Super. 373, 376, 575 A.2d 949, 950 (1990).

Pa.R.Crim.P. 1507(a) states, in pertinent part,

The [trial] judge shall promptly review the [PCRA] motion.... If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the motion ... [without a hearing][.]

██ The right to an evidentiary hearing on a post-conviction petition is not absolute. *Commonwealth v. Box,* 305 Pa.Super. 81, 451 A.2d 252 (1982). A hearing may be denied if a petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. *Id.* A post-conviction petition may not be summarily dismissed, however, as "patently frivolous" when the facts alleged in the petition, if proven, would entitle the petitioner to relief. *Id.*

A defendant is only entitled to counsel during his or her first petition under the Post Conviction Relief Act. Pa. R.Crim.P. 1504(a).

Our review of the instant record reveals that although counsel was appointed to represent appellant during the pendency of his first post-conviction petition, there is nothing in the record to indicate that counsel performed any functions on behalf of appellant. In appellant's instant PCRA he is requesting, *inter alia,* the right to appeal nunc pro tunc. Since it does not appear that appellant had the benefit of the assistance of counsel during his first post-conviction proceeding, and counsel was not appointed during the pendency of the instant PCRA proceeding, we will treat this appeal as if from the denial of a first PCRA petition. We find that it would constitute a waste of judicial resources to remand this case for the appointment of PCRA counsel and a new PCRA proceed-

ing when appellant has presently raised all of the issues that he wants this Court to address. Hence, we will address the issues that appellant has raised.

■ Appellant first claims that PCHA counsel was ineffective for failing to amend appellant's *pro se* PCHA petition, and, function as appellant's counsel. However, appellant does not allege what should have been added to the PCHA petition and he does not state what counsel should have, but failed to do, in his capacity as appellant's PCHA counsel. Therefore, appellant simply has not pled and proven by a preponderance of the evidence that the alleged ineffective assistance, in the circumstances of this particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Dukeman, supra;* 42 Pa.C.S. § 9543(a)(2)(ii). Hence, we find this issue meritless.

■ Appellant's second claim is that his counsel was ineffective for failing to appeal from the trial court's September 21, 1990, order denying his PCHA petition without a hearing. Since appellant had the opportunity to raise any issues that he wished to in two prior appeals to this Court (as discussed, *supra,* he actually had three prior appeals but one was quashed as untimely), and he has now been given the opportunity to raise any remaining issues, we fail to see how he has been prejudiced by counsel's omission. Since no prejudice occurred, we find this issue to be meritless. *Commonwealth v. Tyson, supra.*

■ Appellant's third claim is that counsel was ineffective for failing to "request relief on appellant's behalf due to the Commonwealth's failure to show cause pursuant to an order of court dated September 16, 1986." Appellant's Brief at 17.

Our review of the record indicates that after appellant filed his first post-conviction petition the trial court issued an order stating, "A rule is granted upon the Commonwealth of Pennsylvania to show cause why a hearing should not be granted." Trial Court Order, 9/15/86. The "hearing" was obviously a post-conviction petition hearing. Appellant simply makes a bald allegation that his counsel at the time was ineffective for

failing to insure that the Commonwealth demonstrated that a hearing was unnecessary. Appellant does not aver that he was prejudiced by the failure to hold a hearing, and, he does not aver what points he would have argued at the hearing and how said argument would have advanced his chances of obtaining relief. Furthermore, appellant is presently getting the chance to raise any points that he has not raised in his prior appeals to this Court. Since appellant has not alleged prejudice or shown how he was prejudiced by counsel's omission we find this issue to be meritless. *Commonwealth v. Tyson, supra.*

■ Appellant's fourth claim is that his present appellate counsel was ineffective for failing to review "the pre-trial, trial and post-trial transcripts prior to his filing the 'No-merit' letter and *Anders* Brief. Further, counsel failed to include any of the issues the appellant wished to have raised...." Appellant's Brief at 18.

Since appellant is now raising all of the issues that he wishes to raise we fail to see how he has been prejudiced by counsel's omissions. Hence, we find this issue to be meritless. *Commonwealth v. Tyson, supra.*

Appellant's fifth claim is that the trial court abused its discretion in "dismissing appellant's first *pro se* PCHA and PCRA without first appointing counsel to assist appellant in the amending of the said petitions." Appellant's Brief at 20.

We first note that the trial court did appoint counsel to represent appellant at the time his PCHA petition was filed; however, it appears that counsel took no action on behalf of appellant. Regardless, appellant has not alleged that he was prejudiced by the trial court's alleged omission and he has not alleged what points counsel could have raised if counsel had assisted in the amendment of the PCHA and PCRA petitions. Since appellant has shown no prejudice we find that the trial court's alleged omission did not so undermine the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(i). Hence, this issue is meritless. *Id.* Furthermore, all of the issues that appellant wished to have raised have been raised in

appellant's two prior appeals to this Court and in the instant appeal.

Appellant's sixth claim is that the trial court erred in failing "to grant appellant's requested relief when the Commonwealth failed to show cause as ordered on September 16, 1986." Appellant's Brief at 24. Appellant is again referring to the trial court's rule to show cause upon the Commonwealth to demonstrate why a post-conviction hearing should not be held regarding appellant's March 27, 1986 PCHA petition. Since we have already determined, in appellant's issue number three, *supra*, that appellant suffered no prejudice as a result of the failure to hold the PCHA hearing we can not find that the failure to hold the hearing so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(i). Hence, this issue is meritless. *Id.*

Appellant's seventh claim is that "the [trial] court held appellant's first PCHA petition inordinate for (4) years." [Sic] Appellant's Brief at 25. Appellant is referring to the fact that his PCHA petition, his first post-conviction, was filed on March 27, 1986, but was not denied until September 20, 1990. Appellant does not aver if or how he was prejudiced by the delay. We find that the truth-determining process was not undermined in any way and we therefore find that this issue is without merit. 42 Pa.C.S. § 9543(a)(2)(i).

Appellant's eighth claim is that,

The [trial] court refused to enforce the orders entered on May 15, 1985 and January 13, 1989 whic [Sic] granted appellant's requests for the transcribed notes of testimony. Appellant hereby incorporates all previous arguments herein and will use the said arguments as the basis for seeking relief on this [Sic] issues.

Appellant's Brief at 26. This is appellant's entire argument regarding this issue. Appellant has alleged no prejudice and we can detect none. Therefore, this issue is without merit. 42 Pa.C.S. § 9543(a)(2)(i).

Appellant's ninth claim is that "The [trial] court did not properly notify the appellant of the summary dismissals of the

PCHA/PCRA petition as required in Pa.R.Crim.Proc. 1507(d)(2)." Appellant's Brief at 26.

Pa.R.Crim.P. 1507(d)(2) states that when the trial court dismisses a post-conviction petition without a hearing it shall advise the petitioner by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time within which an appeal must be taken. *Id.* Appellant is averring that the trial court did not comply with the Rule. Since appellant is averring no prejudice, and no prejudice exists since appellant has had the opportunity to raise all issues that he desired in this appeal and in two prior appeals to this Court, we find this issue to be without merit. 42 Pa.C.S. § 9543(a)(2)(i).

In summary, we find all of appellant's PCRA issues to be without merit and we therefore affirm the order of the trial court denying appellant's PCRA petition.

We now turn to the petition to withdraw as counsel, filed by Joseph P. Burt, Esquire, appellant's counsel in this appeal to this Court.

Before a motion to withdraw will be granted, there must be an independent review of the record by competent counsel. *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988). Proof is required of each of the following:

(1) A "no-merit" letter by [PCRA] counsel detailing the nature and extent of his review.

(2) The "no-merit" letter by [PCRA] counsel listing each issue the petitioner wished to have reviewed;

(3) The [PCRA] counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;

(4) The [PCRA] court conducting its own independent review of the record; and

(5) the [PCRA] court agreeing with counsel that the petition was meritless.

*Id.* at 393, 550 A.2d at 215.

On December 17, 1992 Mr. Burt did send appellant a "no-merit" letter detailing the nature and extent of his review;

he included with the letter a copy of the appellate brief filed on behalf of appellant. The "no-merit" letter stated that counsel could find no issues that possessed merit. However, Mr. Burt failed to comply with *Commonwealth v. Finley, supra,* since he failed to raise each issue that appellant wished to have reviewed. Nevertheless, since we have already addressed all of appellant's PCRA issues and found them to be without merit we see no reason why Mr. Burt's petition to withdraw should not be granted.[1] In summary, we affirm the July 9, 1992 trial court order denying appellant's PCRA petition, and, we grant Mr. Burt's petition to withdraw as counsel.

Order affirmed. Petition to withdraw as counsel granted.

---

1. We urge counsel to comply with the mandates of *Commonwealth v. Finley, supra,* in any future petitions to withdraw as counsel.