669 A.2d 996

**COMMONWEALTH of Pennsylvania,**

v.

**Tracy Allen PENROSE, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 28, 1995.

Filed Dec. 28, 1995.

480

William J. McCabe, Greensburg, for appellant.

Timothy C. Andrews, Assistant District Attorney, Greensburg, for Commonwealth, appellee.

Before BECK, HUDOCK, and OLSZEWSKI, JJ.:

OLSZEWSKI, Judge:

This appeal is from an order of the Court of Common Pleas of Westmoreland County entered April 17, 1995, which denied appellant's Post Conviction Relief (PCRA)[1] petition.[2] We affirm.

1. 42 Pa.C.S.A. § 9541 *et seq.*

2. Although the order of the lower court states that this entire appeal is related to appellant's PCRA petition, part of this appeal relates to matters remanded back to the trial court on a direct appeal pursuant to

On February 21, 1991, a fire occurred at the residence of appellant, Tracy Penrose, in Bolivar, Pennsylvania. After firefighters extinguished the fire, appellant's wife was found dead with injuries to her head in a closet in the upstairs bedroom. Fire investigators examined the scene and determined that a flammable liquid was poured around the body of appellant's wife and down the steps of the residence leading to the front door. Initially, appellant made a statement to police which indicated that he had fallen asleep and that he heard his wife exclaiming that a fire had broken out. He said he could not save his wife, but was able to save their child and some personal property from the house. When appellant was confronted with inconsistencies in his initial statement to the police, he recanted and gave a second statement which he claimed was the "truth." In the second statement, appellant admitted striking his wife on the head with a baseball bat or iron, pouring gasoline around the house, and accidentally starting a fire. Testimony and evidence produced at trial indicated that appellant hit his wife on the head in more than two places and the injuries to her skull were consistent with being struck with a heavy iron.

On February 14, 1992, appellant was found guilty by a jury of first-degree murder[3] and arson.[4] Then, appellant was sentenced to concurrent terms of life imprisonment and ten to twenty years imprisonment, respectively, on the first-degree murder and arson convictions. Appellant's term of imprisonment on the arson conviction was subsequently reduced to five to ten years after a successful motion to modify sentence. Thereafter, appellant obtained new counsel and filed a direct appeal to this Court which included three substantive claims and three ineffective assistance of counsel claims. We affirmed on all issues except for two of the ineffective assistance of counsel claims. *Commonwealth v. Penrose*, 435 Pa.Super. 650, 645 A.2d 892 (1994). We relinquished jurisdiction and

our memorandum decision in this case, *Commonwealth v. Penrose*, 435 Pa.Super. 650, 645 A.2d 892 (1994).

**3.** 18 Pa.C.S.A. § 2501(a).

**4.** 18 Pa.C.S.A. § 3301(a)(1)(i).

remanded the two issues to the trial court to determine: (1) whether trial counsel had a reasonable basis for allowing appellant's confession to go out with the jury and (2) whether appellant's claim that a prosecuting officer supplied appellant with an anti-depressant drug during the trial had merit and if trial counsel had a reasonable basis for not investigating such matter. *Id.* at 12, 13.

On the date of the scheduled evidentiary hearing, November 30, 1994, appellant presented the trial court with three additional ineffective assistance of counsel claims. Such claims were presented in the form of a PCRA petition. Accordingly, these claims will be treated as PCRA claims by this Court. The trial court ruled on all outstanding issues, including the two issues remanded back from the Superior Court and the three new ineffective assistance of counsel claims in appellant's PCRA petition. Trial court opinion, 4/17/95. The lower court held on the two issues remanded that: (1) trial counsel was *not* ineffective for failing to object to the submission of appellant's confession to the jury during its deliberations because such counsel had a reasonable basis in allowing the confession to go out with the jury, and (2) trial counsel was *not* ineffective for failing to investigate and raise claims that appellant had received unauthorized medication during the trial which allegedly impaired his ability to meaningfully participate in his defense because the underlying claim had no merit. *Id.* at 6, 12. In addition, the trial court held, with respect to appellant's PCRA petition, that trial counsel was *not* ineffective in: (1) failing to mention the testimony of appellant's expert, Dr. Levit, during closing arguments; (2) encouraging the jury during closing argument to review appellant's confession; and (3) arguing to the jury that appellant should be found guilty of involuntary manslaughter which is inconsistent with the defense of diminished capacity. *Id.* at 6–7. This timely appeal followed.

Two briefs were filed on behalf of appellant in the instant appeal. A counseled brief (dated July 24, 1995) was filed with

this Court. Further, appellant filed a *pro se* brief (dated July 20, 1995).[5] "We will accept for filing *pro se* appellate briefs, but we will not review a *pro se* brief if a counseled brief has been filed, either before, simultaneously with or after, the *pro se*, due to judicial confusion and delay." *Commonwealth v. Ellis*, 398 Pa.Super. 538, 548, 581 A.2d 595, 600 (1990). Thus, we will not consider appellant's claims included in his *pro se* brief;[6] rather, we will only consider those issues raised in his counseled appellate brief. *Id.*

In this appeal, appellant raises four issues of ineffectiveness of trial counsel in: (1) failing to object to, or prevent the submission of appellant's confession to the jury during its deliberations; (2) failing to investigate and raise on direct appeal appellant's allegations that he received unauthorized and unprescribed medication during trial from a prosecuting officer, which allegedly impaired his ability to meaningfully participate in his defense; (3) failing to mention the testimony of appellant's expert witness, Dr. Levit, during closing arguments; and (4) encouraging the jury to review appellant's confessed statement in deliberations. The first two issues are being appealed from the evidentiary hearing ordered from the original direct appeal at *Commonwealth v. Penrose*, 435 Pa.Super. 650, 645 A.2d 892 (1994). Accordingly, these issues will be treated as a direct appeal while the remaining two issues which were raised in appellant's PCRA petition,[7] will be reviewed as a first appeal under the PCRA.

5. Appellant had attempted to replace his current appellate counsel by motion to the trial court. However, appellant's request to replace such counsel was denied in an order dated January 31, 1995.

6. Appellant's *pro se* brief lacks the requirements of an appellant's brief pursuant to Pa.R.A.P. 2111 and several of the accompanying rules for content of such briefs. Accordingly, appellant's brief could also be quashed or dismissed since "the defects ... in the brief or reproduced record of the appellant ... are substantial." Pa.R.A.P. 2101; *Commonwealth v. Sanford*, 299 Pa.Super. 64, 67, 445 A.2d 149, 151 (1982).

7. Note that appellant has decided to drop, in this appeal, the third allegation of ineffective assistance of counsel included in his PCRA petition, namely that trial counsel argued to the jury that appellant should be found guilty of involuntary manslaughter which is inconsistent with the defense of diminished capacity.

■ Appellant alleges ineffective assistance of counsel in each of the above issues. The well-established three-pronged test for evaluating such claims is as follows:

> The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim. *Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989); *Commonwealth v. Pursell*, 508 Pa. 212, 495 A.2d 183 (1985). Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). If we determine that there was no reasonable basis for counsel's chosen course then the accused must demonstrate that counsel's ineffectiveness worked to his prejudice. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). The burden of establishing counsel's ineffectiveness is on the appellant because counsel's stewardship of trial is presumptively effective. *Commonwealth v. McNeil*, 506 Pa. 607, 487 A.2d 802 (1985).

*Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194–195 (1994). A fourth prong is necessary for a successful ineffectiveness claim under the PCRA. An appellant, proceeding under the PCRA, must also prove that the ineffective assistance of counsel must have "so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii); *Commonwealth v. Granberry*, 434 Pa.Super. 524, 529, 644 A.2d 204, 207 (1994).[8] Since appellant fails to

---

8. In *Commonwealth v. Buehl*, 540 Pa. 493, 658 A.2d 771 (1995), three justices of an evenly divided Supreme Court stated the traditional three-pronged test for ineffective assistance of counsel and added:

> where a claim of ineffective assistance is advanced on collateral attack, the PCRA renders more stringent the prejudice requirement which must be satisfied before relief can be granted. Specifically,

meet either the first or second prongs of the ineffective assistance of counsel test on each of his four claims, his appeal must fail.

■ Appellant's first contention, that trial counsel was ineffective in failing to prevent the submission of appellant's confession to the jury during its deliberations, has arguable merit in the underlying claim, but fails because counsel had a reasonable basis in effecting her client's interests by allowing the confession to go to the jury. Appellant's underlying claim

> Section 9543 requires a defendant to prove that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).
>
> *Id.* at 505, 658 A.2d at 777. The Court held that in one of defendant's claims of ineffective assistance of counsel, alleging ineffectiveness for failure to request a cautionary instruction regarding certain evidence, defendant satisfied the three prongs of the traditional test. *Id.* at 507, 658 A.2d at 778–779. However, while the Court found that defendant was prejudiced, the ineffectiveness claim was denied under the PCRA because of the existence of circumstantial evidence which provided overwhelming proof of guilt, making the Court "unable to say that due to the omission[,] the adjudication of guilt [was] unreliable." *Id.* at 508, 658 A.2d at 779. Hence, the three justices recognized that an additional fourth requirement exists for claims of ineffective assistance of counsel under the PCRA, *i.e.*, that such ineffectiveness "so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.;* 42 Pa.C.S.A. § 9543(a)(2)(ii).
>
> On the other hand, the one concurring and two dissenting justices in *Buehl* found only three (traditional) requirements under the PCRA because they believed that no "substantive distinction [exists] between the prejudice prong of the test for ineffectiveness of counsel and the language contained in 42 Pa.C.S.[A.] § 9543(a)(2)(ii)." *Id.* at 515, 658 A.2d at 782. The concurrence believed that counsel's omission did not result in prejudice to defendant while the dissent believed that such omission prejudiced defendant and satisfied the third prong of the ineffectiveness test, which they equated to the above PCRA mandate. Thus, the concurring and dissenting justices effectively found that there are only three requirements for a successful ineffective assistance of counsel claim under the PCRA, *i.e.*, the traditional three-pronged test stated above.
>
> As we are persuaded by the three justices of our Supreme Court who found that four elements are necessary for a successful ineffectiveness claim under the PCRA and our precedents which include the fourth prong as an additional requirement to the traditional three-pronged test under the PCRA (*see, e.g., Commonwealth v. Szuchon,* 534 Pa. 483, 633 A.2d 1098 (1993); *Granberry, supra*), we recognize the ineffectiveness test under the PCRA as having four prongs.

has arguable merit since Pennsylvania Rule of Criminal Procedure 1114 states:

> Upon retiring for deliberations, the jury shall not be permitted to have a transcript of any trial testimony, *nor a copy of any written confession by the defendant,* nor a copy of the information or indictment.

Pa.R.Crim.P. 1114 (emphasis added). Therefore, counsel allowed appellant's written confession to go out with the jury in contravention of one of our Rules of Criminal Procedure. Trial counsel, however, had a reasonable basis for allowing the jury to take appellant's statement with it during deliberations. Accordingly, our standard for determining whether counsel had a reasonable basis for his or her actions is as follows:

> "Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that counsel's decisions had any reasonable basis."

*Pierce,* 515 Pa. at 158, 527 A.2d at 975 (quoting *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. at 604, 235 A.2d at 352–353).

With these standards in mind, a thorough review of the trial and the evidentiary hearing records in the instant case indicates that trial counsel had a reasonable basis for failing to object to appellant's statement being submitted to the jury. In trial counsel's opening argument, counsel admitted that appellant had killed his wife, but claimed that he was suffering from a mental defect at the time which prevented him from forming the specific intent to kill his wife. Then appellant's expert witness, Dr. Levit, testified that appellant's capacity was diminished at the time of the killing because appellant's judgmental abilities were impaired. This testimony, however, was severely discredited by the Commonwealth's expert wit-

ness, Dr. Ramm. Dr. Ramm testified that the tests employed by Dr. Levit were not performed according to standard procedures in the profession and only reflected appellant's state of mind at the time of testing (approximately six months after the killing) rather than the time of the killing. During the trial, counsel made a strategic decision to abandon the diminished capacity defense because such defense was no longer effective due to the discrediting of appellant's expert witness and counsel's knowledge of low-grade witness instructions with respect to appellant's expert testimony which the judge was required to recite to the jury. Appellant's trial counsel thus shifted her strategy to reducing the charge below first-degree murder and abandoning the diminished capacity defense. Jury instructions were given for first- and third-degree murder, self-defense, and voluntary and involuntary manslaughter. By allowing the jury to take with them appellant's confession, appellant's testimony that he and his wife had fought that morning and that his wife had tried to strike him with a baseball bat on such morning could be corroborated. So, trial counsel was attempting to employ either "heat of passion" or self-defense theories in reducing or nullifying the charges levied against appellant. In the evidentiary hearing, trial counsel accordingly testified:

Q. Did you reach a conclusion during the trial that it would have been in his [appellant's] best interests for the confession to go out with the jury?

A. That's correct, yes.

Q. In fact, do you recall during your closing argument inviting the jury on at least two occasions to read the statement?

A. Yes.

Q. Why did you do that?

A. Because I thought it was to his benefit that they read the statement. He gave his explanation as to what happened that morning. His explanation was [sic] could lead a jury to believe that it was an argument that existed that morning, and that he killed his wife during the course of

argument. I believed that, that there was a possibility of a voluntary manslaughter verdict.

N.T., 11/30/94 at 67–68.

Thus, the decision of appellant's trial counsel to not object to the jury having a copy of appellant's statement was a tactical decision in advancing those theories which she believed would be effective in appellant's defense. Such strategy had a reasonable basis designed to effectuate her client's interests, i.e., to prevent appellant from being found guilty of first-degree murder. Therefore, we hold that appellant had effective assistance of counsel with respect to his first claim. *Pierce, supra.*

In the same way, appellant claims, in his fourth issue (analyzed under the PCRA), that trial counsel was ineffective in encouraging the jury to review appellant's confession in its deliberations. For the same reasons mentioned above, counsel had a reasonable basis in employing this strategy. As such, we hold that trial counsel's action in encouraging the jury to review appellant's confession in deliberations was effective assistance of counsel. *Id.*

Appellant's second contention, that trial counsel was ineffective for failing to investigate and raise on direct appeal allegations that a prosecuting officer supplied appellant with unauthorized drugs which prevented him from meaningfully participating in his defense, fails under the first prong of the ineffectiveness test, as the underlying claim is without merit. This issue was originally remanded by us to the trial court to determine whether appellant's claim had merit. The trial court held an evidentiary hearing and determined, via an examination of a number of witnesses including appellant, his trial counsel and the prosecuting officer, that appellant's claims regarding the alleged medication were not credible. Trial court opinion, 4/17/95 at 10. Our Supreme Court has repeatedly held that on appellate review of criminal convictions, we will not weigh the evidence and thereby substitute our judgment for the finder of fact. *Pierce,* 537 Pa. at 530, 645 A.2d at 198 (citing *Commonwealth v. Woodhouse,* 401 Pa.

242, 261, 164 A.2d 98, 108 (1960)). To do so would require an assessment of the credibility of testimony which is clearly not our function. *Pierce*, 537 Pa. at 530, 645 A.2d at 198 (citing *Commonwealth v. Sullivan*, 436 Pa. 450, 456, 263 A.2d 734, 737 (1970), *cert. denied*, 400 U.S. 882, 91 S.Ct. 127, 27 L.Ed.2d 120 (1970)). Since the lower court assessed the credibility of the testimony and other evidence regarding appellant's claims, we decline to substitute our judgment for that of such court. Therefore, because we find the appellant's claims regarding the unauthorized medication to be without merit, trial counsel cannot be deemed ineffective for failing to investigate and advance such meritless claims. *Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989); *Pierce, supra.*

■ Appellant's third ineffective assistance of counsel claim (analyzed under the PCRA), that trial counsel failed to mention the testimony of appellant's expert witness, Dr. Levit, in closing arguments, fails because trial counsel had a reasonable basis for such omission. As previously stated, the Commonwealth introduced the testimony of its expert, Dr. Ramm, to discredit the testimony of appellant's expert about appellant's state of mind at the time of the killing. Further, a low-grade witness instruction regarding Dr. Levit's testimony was to be given to the jury. First, Dr. Levit testified that he performed a number of psychological tests on appellant and determined that appellant suffered from depression which made him incapable of forming the requisite intent to kill his wife. He concluded that appellant's capacity was significantly diminished at the time of the killing due to his depression. Then, Dr. Ramm countered that Dr. Levit did not administer the tests according to standard procedures in the profession and that the tests only reflected appellant's state of mind at the time he administered the tests (approximately six months after the killing). Furthermore, evidence was introduced by police officers that appellant gave no indication that he had a lack of understanding on the date of the incident. Accordingly, during the PCRA hearing, trial counsel testified that she wished to de-emphasize Dr. Levit's testimony:

Q. How did you feel—or did that play any role in your decision not to emphasize his [Dr. Levit's] testimony or mention it in your closing, any of those factors?

A. Both of those factors, as I recall, one being that the jury would receive a low grade instruction, secondly Dr. Levitt [sic] testified and was cross examined, and then I believe the Commonwealth's first witness was Doug Ramm. I thought that the impact of both of their testimonies did not lend itself to a strong defense argument.

N.T., 11/30/94 at 85–86. Therefore, it is clear that trial counsel made a reasonable decision during the course of the trial that the testimony regarding the defense of diminished capacity had become so diluted that she chose not to emphasize it in closing arguments. Thus, she focused instead on reducing the charges from first-degree murder in the best interests of her client. Accordingly, we hold that there was no ineffectiveness in trial counsel's decision to not mention appellant's expert witness's testimony in closing arguments since it was made in the interest of appellant and had a reasonable basis. *See Maroney, supra; Pierce, supra.*

Therefore, based on the foregoing, we affirm the trial court's order denying appellant's ineffective assistance of counsel claims both on direct appeal and on appeal of appellant's first PCRA petition.

Order affirmed.

Concurring Statement by BECK, J.

BECK, Judge concurring:

I concur in the majority's opinion because I believe that appellant failed to establish either that the underlying issue was meritorious or that the particular course of action chosen by counsel was unreasonable. Like my colleagues, I believe counsel here acted pursuant to a reasonably based trial strategy. For that reason, I would affirm the judgments of sentence.

I hesitate, however, to join the majority's discussion regarding *Commonwealth v. Buehl*, 540 Pa. 493, 658 A.2d 771 (1995)

and the standard for ineffectiveness claims under the PCRA. Unlike my colleagues, I am persuaded by Justice Cappy's expression in *Buehl,* in which he opined that "the verbiage set forth in § 9543(a)(2)(ii) is by constitutional mandate and logical application, nothing more than a recitation of the *Pierce* [traditional] standard of prejudice." *Id.* at 522, 658 A.2d at 786.

Recognizing that this difference of opinion has no substantive effect on either the result or rationale in the instant case, I join the majority in all respects with the exception of footnote 8.