**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Richard Dewey HERROLD, Appellant.**

Superior Court of Pennsylvania.

Submitted March 19, 2001.

Filed May 7, 2001.

Charles A. Rector, Camp Hill, for appellant.

Michael H. Sholley, Asst. Dist. Atty., Middleburg, for the Com.

Before EAKIN, J., CERCONE, President Judge Emeritus, and KELLY, J.

CERCONE, President Judge Emeritus:

¶ 1 Appellant Richard Dewey Herrold appeals the order entered May 4, 2000, disposing of his first petition brought pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. After review, we affirm.

¶ 2 On November 14, 1989, Appellant was found guilty by a jury of rape, indecent assault, indecent exposure, endangering welfare of children, and corruption of minors.[1] Appellant was convicted in connection with the ongoing sexual molestation of the minor daughter of his girlfriend. On May 10, 1990, Appellant was sentenced to an aggregate term of five (5) to ten (10) years' imprisonment.

¶ 3 Following trial, Appellant pursued a direct appeal. This Court affirmed the judgment of sentence on May 9, 1991, and the Supreme Court of Pennsylvania denied his petition for allowance of appeal on December 30, 1991. *Commonwealth v. Herrold,* 413 Pa.Super. 639, 595 A.2d 191 (1991) (unpublished memorandum), *appeal denied,* 529 Pa. 640, 600 A.2d 1258 (1991). Appellant began serving his sentence on January 29, 1992, thus his minimum sentence expired on January 29, 1997. Appellant claims that his request for parole was rejected in February 1997, because he refused to admit his guilt as a condition of parole.

---

1. 18 Pa.C.S.A. §§ 3121, 3126, 3127, 4304, and 6301, respectively.

¶ 4 Thereafter, believing that his constitutional rights were being violated by this required admission of guilt, Appellant pursued a federal civil rights action in the United States District Court for the Middle District of Pennsylvania. This appeal was dismissed and the dismissal was ultimately affirmed by the United States Court of Appeals for the Third Circuit on June 24, 1999. Appellant then turned to the PCRA for relief, filing his first petition on July 8, 1999. The Honorable Harold F. Woelfel denied Appellant's PCRA petition on May 4, 2000, because it was untimely filed. Appellant then filed a timely notice of appeal to this Court on May 30, 2000.

¶ 5 Appellant raises one (1) issue for our Court to review on appeal:

> Did the [PCRA Court] err as a matter of law in dismissing [Appellant's] Post Conviction Relief Act Petition on the ground that it was untimely filed under 42 Pa.C.S.A. § 9545(b)?

Appellant's Brief at 2. Before addressing Appellant's claims, we note that an appellate court's review of an order denying post conviction relief is limited to examining whether the evidence of record supports the determination of the PCRA Court and whether the ruling is free from legal error. *Commonwealth v. Vega,* 754 A.2d 714, 716 (Pa.Super.2000), *citing Commonwealth v. Carpenter,* 555 Pa. 434, 445, 725 A.2d 154, 159–160 (1999). "We grant great deference to the findings of the post conviction court, which will not be disturbed unless they have no support in the certified record." *Id., citing Commonwealth v. Granberry,* 434 Pa.Super. 524, 644 A.2d 204, 207 (1994).

¶ 6 The Legislature modified the PCRA's timing requirements in 1995, effective January 16, 1996. *See Commonwealth v. Crider,* 735 A.2d 730, 732 (Pa.Super.1999) (discussing the implementation and mandate of the 1995 modifications to

section 9545 of the PCRA). Pursuant to the applicable version of 42 Pa.C.S.A. § 9545, any PCRA petition must be filed within one year of the date the judgment becomes final, except under three very limited circumstances:

> (b) Time for filing petition.-
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.
>
> (4) For purposes of this subchapter, "government officials" shall not include

defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545(b).

¶ 7 Appellant's PCRA petition is governed by § 9545(b), which applies to any petition filed under the PCRA. Appellant, therefore, had to file his petition within one year from the date on which his judgment of sentence became final. According to § 9545(b)(3), Appellant's judgment of sentence became final at the conclusion of direct review or the expiration of the period for seeking such review. In the case presently before this Court, Appellant's judgment of sentence became final 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal on December 30, 1991, and the time allowed for filing a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Rule 13, Rules of the Supreme Court of the United States. Thus, for the purposes of section 9545, Appellant's judgment of sentence became final on March 30, 1992.[2] On its face, then, Appellant's petition would appear to be untimely as the petition was not filed until well over seven (7) years later.

¶ 8 Nevertheless, section 9545 contains a proviso that grants a grace period to petitioners whose judgments of sentence became final on or before the effective date of the amendment:

> Section 3(1) of Act 1995 (Spec.Sess. No. 1), Nov. 17, P.L. 1118, No. 32 provides that the amendment of 42 Pa.C.S. §§ 9542, 9543, 9544, 9545 and 9546 shall apply to petitions filed after the effective date of this act; *however, a petitioner whose judgment has become final on or before the effective date of this act shall be deemed to have filed a timely petition under 42 Pa.C.S. Ch. 95 Subch. B if the petitioner's first petition is filed within one year of the effective date of this act.*

42 Pa.C.S.A. § 9545, Historical Notes (emphasis added).

¶ 9 The effective date of the amendment was January 16, 1996. Thus, where the petitioner's first petition was filed by January 16, 1997, it would be deemed timely. Unfortunately for Appellant, his petition was filed well over two (2) years after January 16, 1997. Again, Appellant's petition appears to be manifestly untimely. *See Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa.Super.1997), *appeal denied*, 555 Pa. 711, 724 A.2d 348 (1998).

■ ¶ 10 Section 9545 will excuse untimeliness, however, if the failure to file the PCRA petition within the applicable time period was the result of (1) interference from government officials; (2) facts unbeknownst to the petitioner which could not have been ascertained through the exercise of due diligence; or (3) the retroactive application to claims raised in the petition involving a constitutional right recently recognized by the United States or Pennsylvania Supreme Court. 42 Pa. C.S.A. § 9545(b)(1)(i), (ii), (iii). Although Appellant's petition attempted to raise one of these exceptions, we find that he has also untimely invoked the exception. Moreover, even if his exception had been timely raised, the resulting argument is not cognizable under the PCRA.

¶ 11 Specifically, Appellant contends that 42 Pa.C.S.A. § 9545(b)(1)(ii), after-discovered facts, applies. Appellant argues that his trial counsel rendered ineffective assistance by failing to explain that Appellant would not be automatically paroled at

---

**2.** The actual 90th day, March 29, 1992, fell on a Sunday. As such, that day is not included in the computation of the time allowed for filing the petition. Rule 30, Rules of the Supreme Court of the United States.

the expiration of his minimum sentence. Appellant's Brief at 8. In his brief submitted to the PCRA Court, Appellant argued that he forewent the plea bargaining process, believing that he would only serve his minimum sentence if found guilty, and would at least have a chance of acquittal at trial. Appellant asserts he did not realize that parole was not automatically granted until the Pennsylvania Board of Probation and Parole actually denied parole in February, 1997, and posits this as after-discovered evidence such that he may invoke the appropriate exception to the time requirements of the PCRA.

¶ 12 Appellant's main problem in this regard is that he is invoking the exception itself in an untimely fashion. Under 42 Pa.C.S.A. § 9545(b)(2), an exception must be invoked within 60 days of the date from which the claim could first have been presented. In the case of after-discovered evidence, the 60 days would begin to run from the moment the evidence was discovered. Instantly, Appellant was aware, no later than February 28, 1997,[3] that parole at the expiration of his minimum sentence was not automatic. From this point onward he could have presented the claim he only now brings.

¶ 13 Appellant does attempt to argue that the 60 days should not begin to run from the date of the Parole Board's decision, but we are unconvinced. Appellant contends that the Parole Board's decision is not a decision in the ordinary sense, is not an adjudication subject to judicial review, and is not a final judgment that should trigger the 60–day period. See Appellant's Brief at 10. Appellant further contends that federal review of this decision should also serve to delay the initiation of the 60–day period.

¶ 14 We do not find this argument persuasive. Whether the Parole Board's decision is a final decision subject to appeal is irrelevant, as is the matter of further federal review,[4] and merely serves to distract us from our actual concern. The true essence of the issue at hand is, at what moment should Appellant have realized that he would not "automatically" be paroled at the completion of his minimum sentence, such that he would understand that the alleged advice of trial counsel had been flawed. That moment occurred when the Parole Board initially rejected his request for parole, and the 60–day clock began to run at that point in time.

¶ 15 Finally, even if we were to find that Appellant had timely raised this exception, his argument thereunder is not cognizable under the PCRA. Appellant asserts that counsel was ineffective in not explaining to him that he would not be automatically paroled at the completion of his minimum sentence. Nonetheless, this

3. The record does not disclose on precisely which date in February, 1997, Appellant learned that his request for parole had been denied. Recently, in *Commonwealth v. Vega,* 754 A.2d 714 (Pa.Super.2000), we held that the petitioner must supply the precise date upon which he discovered his after-discovered evidence so that this Court can determine whether the exception has been timely invoked under 42 Pa.C.S.A. § 9545(b)(2). Otherwise, the exception may not be invoked. Presently, we give Herrold the benefit of any doubt and assume *arguendo* that he made his discovery on the last day of the month, because he has provided sufficient information for us to determine that he has invoked the exception in an untimely fashion.

4. Although the thrust of Herrold's federal review argument is that his claim was not ripe for PCRA review until federal review concluded, to the extent that the argument also suggests that the PCRA's time requirements should be tolled while the matter is under federal review, we note that our Supreme Court rejected equitable tolling in *Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214 (1999).

is not the sort of ineffective assistance of counsel that may be challenged under the PCRA. Pursuant to 42 Pa.C.S.A. § 9543(a)(2)(ii), the only ineffectiveness claims that are cognizable are those which pertain to the undermining of the truth-determining process such that no reliable adjudication of guilt or innocence could have taken place.

¶ 16 Simply stated, counsel's alleged ineffectiveness could have had absolutely no effect on the reliability of Appellant's trial or the jury's verdict. Rather, it only prevented Appellant from pleading guilty in order to receive a lesser sentence. While this may amount to ineffective assistance

of counsel, it is not of the variety that is cognizable under the PCRA.[5] Thus, Appellant's petition was untimely filed and no timely, cognizable exception to the PCRA's time limitation has been put forward.

¶ 17 Accordingly, we find that the PCRA court properly dismissed this petition as untimely and we affirm the order below.

¶ 18 Order affirmed.

---

5. We note in passing that in an earlier incarnation, the PCRA did contain a provision under which Herrold's contention would have been found cognizable. *See Commonwealth v. Boyd*, 547 Pa. 111, 688 A.2d 1172 (1997). However, with the amendment of the PCRA in 1995, that provision was eliminated, and is no longer available to Appellant, whose petition was filed after the effective date of the 1995 amendments.