J-S45010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS JAMES BLACK, | |
| Appellant | No. 1086 WDA 2015 |

Appeal from the PCRA Order of June 23, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001125-2012

BEFORE:  OLSON, DUBOW AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 19, 2016**

Appellant, Thomas James Black, appeals from the April 23, 2014 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant factual background and procedural history of this case is as follows.  On September 18, 2012, a jury convicted Appellant of aggravated assault,[1] possession of a firearm by a prohibited person,[2] possession of an instrument of crime,[3] unlawful restraint,[4] recklessly

---

[1] 18 Pa.C.S.A. § 2702(a)(4).

[2] 18 Pa.C.S.A. § 6105(a)(1).

[3] 18 Pa.C.S.A. § 907(a).

*Retired Senior Judge assigned to the Superior Court.

endangering another person,[5] and attempted homicide.[6] These charges stemmed from an altercation which resulted in the shooting of his ex-wife in March 2012. On November 26, 2012, the trial court sentenced Appellant to an aggregate term of 25 to 50 years' incarceration. Appellant filed a timely post-sentence motion, which was denied on December 7, 2012. He did not file a direct appeal.

Appellant filed this timely, counseled PCRA petition on January 6, 2014. The PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing on March 26, 2014 and ultimately dismissed the petition on April 23, 2014. *See* Pa.R.Crim.P. 907(1). Appellant filed a *pro se* notice of appeal. This Court vacated the dismissal order and remanded the case to the PCRA court to determine if Appellant's retained counsel should be permitted to withdraw and, if so, whether Appellant was entitled to court-appointed counsel. *Commonwealth v. Black*, 120 A.3d 1050, 2015 WL 7451202 (Pa. Super. 2015) (unpublished memorandum).

On remand, retained counsel was permitted to withdraw and the PCRA court appointed counsel. Court-appointed counsel filed a supplemental PCRA

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

[4] 18 Pa.C.S.A. § 2902(a)(1).

[5] 18 Pa.C.S.A. § 2705.

[6] 18 Pa.C.S.A. §§ 901, 2501(a).

J-S45010-16

petition. On June 23, 2015, the PCRA court dismissed the PCRA petition without providing notice under Rule 907.[7] This timely appeal followed.[8]

Appellant presents one issue for our review:

> [Whether t]he PCRA court erred in denying [Appellant's] PCRA petition without an evidentiary hearing when [Appellant] argued that [after-]discovered evidence existed?

Appellant's Brief at 1.

As most PCRA appeals involve mixed questions of fact and law, "[o]ur standard of review of an order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free from legal error." ***Commonwealth v. Melendez-Negron***, 123 A.3d 1087, 1090 (Pa. Super. 2015) (internal alteration, quotation marks, and citation omitted). We give great deference to the findings of the PCRA court and will not disturb those findings unless there is no support in the record. ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa. Super. 2002).

The right to an evidentiary hearing for a PCRA petition is not absolute. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001), *citing*

_____

[7] The notice requirement set forth in Rule 907 is mandatory. ***See Commonwealth v. Feighery***, 661 A.2d 437 (Pa. Super. 1995). However, Appellant did not object to this procedural error in his brief. Accordingly, he has waived any challenge to this procedural error. ***See Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (citation omitted).

[8] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal.

- 3 -

*Commonwealth v. Granberry*, 644 A.2d 204, 208 (Pa. Super. 1994). If the petitioner's claim is without support in the record or other evidence, the PCRA court may decline to hold a hearing. *Jordan*, 772 A.2d at 1014. An appellate court must examine the issues raised in the PCRA petition in light of the record to determine whether the PCRA court erred in concluding there were no genuine issues of material fact and denying relief without an evidentiary hearing. *Id.*, *citing* *Commonwealth v. Hardcastle*, 701 A.2d 541, 542 (Pa. 1997).

Appellant's sole contention on appeal is that he is entitled to relief based on exculpatory after-discovered evidence. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi). To obtain relief on this basis, Appellant must plead and prove by a preponderance of the evidence the "unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial had it been introduced." *Id.* To obtain relief based on after-discovered evidence, an appellant must show that the evidence:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa. Super. 2012), *citing* *Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008). To determine whether the evidence is "of such nature and character" to compel a different

- 4 -

verdict in a new trial, a court should consider "the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." *Commonwealth v. Padillas*, 997 A.2d 356, 365 (Pa. Super. 2010), *appeal denied*, 14 A.3d 826 (Pa. 2010).

Attached to his PCRA petition, Appellant presented affidavits from Justin Gill and Michael Lewis, who were incarcerated with Appellant when he filed the present petition. Gill stated that in May 2012 he purchased a gun from a woman he believes to be the victim in this case. Gill believes the gun to be that used in the March 2012 shooting. Lewis claimed he was following a vehicle operated by Appellant when the altercation occurred. Lewis claims he saw the victim point a gun at Appellant before seeing the victim get shot in the back and fall out of the vehicle. Appellant now claims that these two witnesses support his self-defense theory of the incident and, accordingly, he is entitled to an evidentiary hearing on this issue.

Here, both witnesses are currently incarcerated. Gill has a lengthy juvenile and adult record, including six theft convictions. Further, his supervision has been revoked seven times. PCRA Court Opinion, 3/26/2014, at 1. These crimes are *crimen falsi* and, as the PCRA court correctly found, go directly to assessing his credibility. *See Padillas* 997 A.2d at 365. Further, Gill's affidavit contradicts the record. He claims he bought the gun used in the crime from the victim. However, immediately after the shooting,

the victim was taken to and remained in the hospital for almost a week. N.T., 9/17/2012, at 49. No gun was found in her possession at the hospital.

Gill also failed to identify the type of gun, where the gun is currently, or any evidence indicating he bought the gun used in the crime. Further, he failed to sufficiently explain why he believes it was the victim who sold him the gun. He only states he bought a gun from an African-American woman in a White Ford Expedition and, based on other information, he believes it was the victim in Appellant's SUV. He does not say what this other information is. The victim suffered severe injuries after the shooting and had a cast on her leg for two months following the incident. Gill failed to mention this identifying information.

Further, this information was not exculpatory. Even if the victim possessed and sold the firearm two months after the shooting, this does not mean that Appellant was innocent. It is unlikely this would have resulted in a different verdict. Gill's affidavit presents no material question of fact and thus there was no reason to grant Appellant an evidentiary hearing on this information.

Lewis also has a lengthy criminal record, including theft and burglary convictions and multiple revocations of supervision. Again, these are *crimen falsi* crimes that diminish his credibility. The record also contradicts his affidavit. Neither Appellant nor the victim ever testified that anyone was present in the backseat of Appellant's vehicle during this incident. Lewis

claims he saw someone in the backseat. Further, the record shows Appellant never slammed on his brakes as Lewis claims and, instead, the vehicle sped up when the victim jumped out. N.T., 9/17/2012, at 41-42. The victim's injuries were consistent with this testimony. N.T., 9/18/2012, at 7. Although Lewis claims he was with another individual when he saw this incident occur, he fails to name this individual. Thus, there is nothing to corroborate his version of events. Finally, Lewis claims he did not come forward before because he was scared and did not want to get involved. He claims now to be trying to do the right thing after reading about this story in the newspaper. We note, however, he failed to come forward until after he was already incarcerated and after he met Appellant.

Lewis' testimony is merely cumulative of testimony that Appellant gave at trial regarding his theory of self-defense. *See* N.T., 9/17/2012, at 115, 119. Appellant already presented this testimony and the jury did not find this story credible. Without a more credible witness, the verdict is unlikely to change. Accordingly, Appellant cannot meet his burden of proof. Given the circumstances mentioned above, it is unlikely that a new trial would result in a different verdict.

Finally, Appellant argues that cell phone records indicate the victim called another family member. He characterizes this information as after-discovered evidence. Appellant, however, failed to plead this after-discovered evidence in his PCRA petition. As such, this argument is waived.

Pa.R.A.P. 302(a); *see Commonwealth v. Dennis*, 950 A.2d 945, 956 (Pa. 2008). Accordingly, the PCRA Court did not err in denying Appellant's PCRA petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2016