J-S74032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL COLON | : | |
| | : | |
| Appellant | : | No. 1735 EDA 2018 |

Appeal from the PCRA Order Entered May 9, 2018
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002033-2004,
CP-15-CR-0004401-2004

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED APRIL 22, 2019**

Angel Colon appeals *pro se* from the dismissal of his Post Conviction
Relief Act ("PCRA") petition as untimely. ***See*** 42 Pa.C.S.A. §§ 9541-9546. We
affirm.

Colon pleaded guilty in September 2005 to one count of corrupt
organizations and three counts of delivery of a controlled substance.[1] The
court sentenced him in April 2006 to 20 to 50 years of imprisonment. Colon
appealed his judgment of sentence, and we affirmed in May 2007. He did not
immediately seek allowance of appeal in the Pennsylvania Supreme Court, but
in May 2008, he filed for allowance of appeal *nunc pro tunc*. The Supreme
Court ultimately denied his petition for allowance of appeal on November 6,
2008. Colon did not seek further review in the United States Supreme Court.

---

[1] 18 Pa.C.S.A. § 911(b)(3), and 35 P.S. § 780-113(a)(30), respectively.

Colon then filed the petition that is the subject of this appeal, on February 9, 2018.[2] He styled the petition as a "Motion for Time Credit" and requested credit for his confinement from July 2004 to sentencing. His motion did not address the PCRA's one-year time limitation or raise any timeliness exception. The lower court treated the filing as a PCRA petition and issued a Pa.R.Crim.P. 907 notice of intent to dismiss. Colon filed a response to the Rule 907 notice arguing that he was entitled to time credit, but did not raise any time-bar exception.

The court dismissed the petition. It explained in its order that it treated the petition as a PCRA petition because a failure to award time credit would render the sentence illegal, and illegal sentences are cognizable under the PCRA. It dismissed the petition because the petition was patently untimely and Colon failed to plead any time-bar exception. Colon filed this timely appeal, raising one issue: "Did the lower court err in not giving Appellant Angel Colon a hearing on Motion For Time Credit[?]" Colon's Br. at 4.

This Court's standard of review for the denial of a PCRA petition entails only "examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Jordan*, 182 A.3d 1046, 1049 (Pa.Super. 2018).

We do not reach the merits of Colon's issue because the lower court properly treated his petition as a PCRA petition, and Colon failed to plead and

_____

[2] This was not Colon's first PCRA petition.

- 2 -

prove that it was timely. The timeliness of a PCRA petition is jurisdictional. A PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

If a petition is filed more than one year after the judgment of sentence became final, the court will still have jurisdiction if the petitioner pleads and proves that at least one of three exceptions applies. The exceptions are: (1) unconstitutional interference by government officials; (2) newly discovered facts that the petitioner could not have previously ascertained with due diligence; or (3) a newly recognized constitutional right that either the United States Supreme Court or the Supreme Court of Pennsylvania has held applies retroactively. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The Court of Common Pleas properly treated the petition as a PCRA petition and dismissed it as untimely. The petition qualified as a PCRA petition because, as the lower court explained, a claim that the trial court improperly failed to award credit for time served goes to the legality of sentence, which is cognizable under the PCRA. **See Commonwealth v. Menezes**, 871 A.2d 204, 207 (Pa.Super. 2005). Colon's petition was therefore subject to the PCRA's time restrictions, and he was required to plead and prove timeliness. This he failed to do. He filed his petition more than one year after his judgment

of sentence became final, and he did not plead – much less prove – that any time-bar exception applied. The lower court properly dismissed his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/22/19

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

:

: CHESTER COUNTY, PENNSYLVANIA

VS. :

: NOS. 2033-04 and 4401-04

:

ANGEL COLON : CRIMINAL ACTION

## **OPINION PURSUANT TO PA.R.A.P. 1925(a)**

### I. Procedural Setting

This matter comes before this court as the result of a notice of appeal dated May 28, 2018 and docketed on June 4, 2018. Defendant Angel Colon (hereinafter "Colon") appeals from the Order dated May 9, 2018, which denied his Motion for Time Credit (filed on February 9, 2018), which this court treated as a petition pursuant to the Post-Conviction Relief Act[1] ("PCRA"). The court issued an Order dated June 5, 2018 directing Colon to file a concise statement of matters complained of on appeal. Colon's concise statement was filed on June 25, 2018 and received in chambers the same day. The matter is now ripe for review.

### II. Facts

By way of background, Colon was charged with eleven (11) counts of Delivery of a Controlled Substance, 35 P.S. §780-113(a)(30), greater than 1,000 grams, on Criminal Information Number 4401-04. All eleven (11) of these counts involved mandatory minimum sentences. The first count involved a four (4) year mandatory minimum, while the remaining ten (10) counts involved seven (7) year mandatory minimum sentences. On Criminal Information Number 2033-04, Colon was charged

---

[1] 42 Pa.C.S. §§9541-9546.

with Corrupt Organizations, 18 Pa.C.S.A. §911(b), and Dealing in Proceeds of Unlawful Activities, 18 Pa.C.S.A. §5111(a)(1).

On September 12, 2005, Colon pled guilty on Criminal Information Number 2033-04 to Corrupt Organizations, 18 Pa.C.S.A. §911(b)(3), and to three (3) counts of Delivery of a Controlled Substance on case number 4401-04. Although each of the counts for Delivery of a Controlled Substance carries a mandatory minimum sentence, the Commonwealth, by agreement, sought to enforce only one mandatory minimum sentence of four (4) years.

On December 15, 2005, Nelson Lugo, a co-defendant in this case was sentenced by the Honorable James P. MacElree, II to 26 to 68 years on the same charges to which defendant pled open to on September 12, 2005. Lugo and Colon were at the same level in the corrupt organization. The following day, on December 16, 2005, Colon appeared before Judge MacElree for sentencing. He attempted to withdraw his open guilty plea and ultimately requested a continuance of the sentencing.

On April 7, 2006, Colon appeared before Judge MacElree and renewed his request to withdraw his guilty plea. The request was denied. Colon was then sentenced to a period of twenty (20) to fifty (50) years for the three (3) counts of delivery and one count of Corrupt Organizations. Colon filed a post-sentence motion which was denied. He timely filed a direct appeal; however, the Superior Court affirmed the judgment of sentence on May 14, 2007.[2] Colon did not timely seek appellate review from the Supreme Court of Pennsylvania.

---

[2] 1343 EDA 2006.

2

Colon filed his first PCRA petition on February 29, 2008. The court appointed Robert P. Brendza, Esquire to assist Colon in the PCRA matter. Following a thorough review of the matter, Attorney Brendza filed an amended PCRA petition on April 11, 2008. The PCRA Court granted the amended petition, with agreement of the Commonwealth, for Colon to petition the Pennsylvania Supreme Court for allowance of appeal *nunc pro tunc* from the Superior Court's affirmance of his judgment of sentence. Attorney Brendza withdrew from representation and Heather J. Mattes, Esquire was appointed Colon's counsel in his place. Attorney Mattes filed a Petition for Allowance of Appeal with the Supreme Court on June 27, 2008; however, the Supreme Court denied further review on November 6, 2008.[3] Colon did not file a Petition for Writ of Certiorari with the United States Supreme Court. Consequently, Colon's judgment of sentence became final 90 days thereafter on February 4, 2009.

Colon filed another PCRA petition on August 3, 2009. This petition was treated as Colon's first request for relief under the PCRA given the procedural issues raised previously. The court again appointed Robert P. Brendza, Esquire to represent Colon. Following his review of the matter, Attorney Brendza sought leave to withdraw as counsel on September 30, 2009, having found no issues of arguable merit entitling Colon to PCRA relief. Upon conducting an independent review of the record in the above-captioned matter, the court concurred with Attorney Brendza's conclusions that Colon had presented no meritorious issues in his request for collateral relief and, on November 13, 2009, the PCRA court issued a Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907 with a detailed explanation of the basis for the court's findings. Colon responded to the Notice of Intent on December 3, 2009. On December 17,

_____
[3] 417 MAL 2008.

3

2009, the court granted Attorney Brendza's request to withdraw and dismissed Appellant's PCRA petition.

Following dismissal of the petition, Colon appealed Judge MacElree's December 17, 2009 Order to the Superior Court on December 28, 2009.[4] On September 10, 2010, the Superior Court affirmed the dismissal of Colon's PCRA petition.

On April 16, 2013, Colon filed a subsequent (second) PCRA petition in which he alleged alteration of his guilty plea colloquy. The PCRA court directed the Commonwealth to respond, which it did on September 3, 2013. Following review of the matter, the PCRA court issued its 907 Notice and, subsequently, dismissed the petition on June 25, 2014. Colon again appealed to the Superior Court.[5] Meanwhile, Colon also filed a Petition for Writ of Habeas Corpus on May 15, 2014, which was denied.[6] The Superior Court affirmed the dismissal of Colon's second PCRA on March 4, 2015.

Colon filed a fourth PCRA petition on August 12, 2015. This petition was dismissed on September 23, 2015. Colon again appealed to the Superior Court which affirmed the PCRA Court's dismissal on July 6, 2016.[7] This brings us to the current posture of this matter.

Due to Judge MacElree's retirement at the conclusion of 2017, this matter was transferred to the undersigned. On February 9, 2018, Colon filed his fifth PCRA petition. In it, he requested that this not be considered as a petition filed under the PCRA, but rather that it be treated as a petition for habeas corpus. This court

---

[4] 53 EDA 2010.
[5] 2098 EDA 2014.
[6] The Petition for Writ of Habeas Corpus was treated as Colon's third PCRA by Order dated October 10, 2014.
[7] 3247 EDA 2015.

4

conducted an independent review of the record in the above-captioned matter. Upon review, the court directed the Commonwealth to file a response which it did on April 20, 2018. On April 24, 2018, this court issued a Notice of Intent to Dismiss the petition without an evidentiary hearing after concluding that Colon's challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of the sentence, which is an issue cognizable under the PCRA. Thus, the PCRA was the only avenue for relief available to Colon. See, *Comonwealth v. Fahy*, 558 Pa. 313, 332, 737 A.2d 214, 224 (1999) (the writ continues to exist as an independent basis for relief only in cases in which there is no remedy under the PCRA). This court also determines that the petition was patently untimely. Colon responded to the Notice, but raised no issues of arguable merit which would entitle him to a timeliness exception. The court then dismissed the PCRA petition by Order dated May 9, 2018.

Appellant's concise statement contains two (2) alleged errors which are set forth as follows:

1. The PCRA court has violated the Eighth Amendment of the United States Constitution by failing to give Colon credit for time served resulting in him serving more time than was judicially imposed.

2. The PCRA court has violated 42 Pa.C.S.A. §9760 by refusing to give Colon credit for time served which amounts to a miscarriage of justice.

III. Issue

> Did the PCRA court err when it determined Colon did not establish entitlement to a timeliness exception giving the court jurisdiction over his fifth PCRA petition?

5

## IV.    Holding

No, the PCRA court did not err when it determined Colon did not establish entitlement to a timeliness exception which is necessary to give the court jurisdiction over his fifth PCRA petition.

## V.    Rationale

Appellant challenges this court's denial of his fifth PCRA petition. In reviewing the trial court's disposition of a PCRA petition, the appellate court "must determine whether the PCRA court's ruling is supported by the record and free from legal error." See, *Commonwealth v. Hawkins*, 894 A.2d 716, 722 (Pa. 2006), *Commonwealth v. Allen*, 732 A.2d 582, 586 (Pa.1999).

Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. *Com. v. Fahy*, supra, 558 Pa. at 331, 737 A.2d at 223 citing Commonwealth v. Chester, 557 Pa. 358, 733 A.2d 1242 (1999). Timeliness is crucial to any PCRA appeal. The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013) (citation omitted). The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, the appellate court's standard of review is de novo and scope of review plenary. *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

A request for relief made in a second or subsequent PCRA petition will be entertained only if a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred. *Commonwealth v. Carpenter*, 725 A.2d 154,

6

160 (Pa.1999). "A petitioner makes a prima facie showing if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." *Id.* (internal quotation omitted). The right to an evidentiary hearing on a post-conviction petition is not absolute. *Commonwealth v. Granberry*, 434 Pa. Super. 524, 644 A.2d 204, 208 (1994). With this standard in mind, this court concluded that Colon did not meet his burden establishing his right to PCRA relief for the following reasons. An evidentiary hearing would have been futile.

Pursuant to 42 Pa.C.S.A. §9545(b)(1), a PCRA petition must be filed within one year of the date that the challenged judgment becomes final. "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. §9545(b)(3). Thus, to be timely, Appellant was required to file his PCRA petition no later than February 4, 2009. The instant *pro se* PCRA petition was not filed until February 9, 2018, which makes the petition untimely on its face.

In order for the court to have jurisdiction over this matter, Appellant was required to make a prima facie showing of entitlement to one of the three timeliness exceptions enumerated in 42 Pa.C.S.A. §9545(b)(1)(i-iii). The timeliness exceptions involve "(1) interference by government officials in the presentation of the claim; (2) newly-discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date

7

the claim could have been presented." 42 Pa.C.S. §9545(b)(2). Colon made no attempt whatsoever to establish entitlement to any of the enumerated exceptions. Consequently, his fifth PCRA petition was untimely.

Based upon the foregoing discussion, this court lacked jurisdiction to consider the merits of Colon's PCRA petition and no hearing was necessary. See, *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) ("It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence.").

Based upon the foregoing, I respectfully request that the Order of May 9, 2018 be affirmed.

All of which is respectfully submitted,

BY THE COURT:

Date: June 27, 2018

Jeffrey R. Sommer          J.

8