J-A03041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                             :              PENNSYLVANIA
                                               :
                    v.                                :
                                               :
                                               :
JOHN COLE                                    :
                                               :
                     Appellant                 :     No. 313 MDA 2020

Appeal from the PCRA Order Entered January 17, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003789-2005

BEFORE: LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                      **FILED APRIL 15, 2021**

John Cole appeals, *pro se*, from the order, entered in the Court of Common Pleas of Berks County, denying as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon careful review, we affirm.

On January 18, 2007, following a jury trial, Cole was convicted of first-degree murder,[1] aggravated assault,[2] possession of an instrument of crime (PIC),[3] recklessly endangering another person (REAP),[4] and criminal

---

[1] 18 Pa.C.S.A. § 2502(a).

[2] 18 Pa.C.S.A. § 2702(a)(1).

[3] 18 Pa.C.S.A. § 907(b).

[4] 18 Pa.C.S.A. § 2705.

conspiracy,[5] for his role in the May 10, 2005 murder of fifteen-year-old Tiffany Colon in Reading.  On February 2, 2007, the court sentenced Cole to life in prison and a consecutive aggregate sentence of 20 to 40 years' incarceration. Cole filed a post-sentence motion, which the court denied.  This Court affirmed his judgment of sentence on August 28, 2008.  **See Commonwealth v. Cole**, 888 MDA 2007 (Pa. Super. filed August 28, 2008) (unpublished memorandum decision).  Our Supreme Court denied Cole's petition for allowance of appeal on December 12, 2008.  **See Commonwealth v. Cole**, 963 A.2d 467 (Pa. 2008) (Table).

Thereafter, Cole filed a *pro se* PCRA petition on February 26, 2009, which appointed counsel subsequently amended.   After an evidentiary hearing, the PCRA court dismissed Cole's petition on December 30, 2011.  This Court affirmed the PCRA court's dismissal on September 12, 2012.  **See Commonwealth v. Cole**, 223 MDA 2012 (Pa. Super. filed Sept. 12, 2012) (unpublished memorandum decision).   Our Supreme Court denied Cole's petition for allowance of appeal on March 27, 2013.  **See Commonwealth v. Cole**, 63 A.3d 1243 (Pa. 2013) (Table).

On April 30, 2018, Cole filed the instant PCRA petition, his second, *pro se*.  On November 30, 2018, the PCRA court issued notice of its intent to dismiss Cole's petition pursuant to Pa.R.Crim.P. 907(1); Cole subsequently

---

[5] 18 Pa.C.S.A. § 903(a).

filed a response to the Rule 907 notice on February 15, 2019. On May 6, 2019, the PCRA court conducted a **Grazier**[6] hearing, where Cole requested additional time to hire an attorney. On November 4, 2019, the court conducted another **Grazier** hearing, at which Cole stated that he wished to proceed *pro se*.[7] On January 17, 2020, the PCRA court dismissed Cole's petition as untimely. Cole filed a *pro se* notice of appeal.[8] Following our grant of an extension of time ordering Cole to file his brief no later than November 9, 2020, **see** Order, 10/22/20, Cole filed his brief on November 10, 2020.[9]

_____

[6] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[7] Cole has omitted the transcripts of both **Grazier** hearings from the record, nevertheless, our review of his appeal is not impeded.

[8] The trial court received Cole's notice of appeal on February 18, 2020—two days after the expiration of the 30-day appeal period. **See** Pa.R.A.P. 903(a). Nevertheless, given that February 16, 2020, was a Sunday, and February 17, 2020, was President's Day—a federal holiday—Cole's appeal was timely received on the next day the courts were open. 1 Pa.C.S.A. § 1908 (for computations of time, if last day of any such period shall fall on Saturday, Sunday, or legal holiday, such day shall be omitted from computation); Pa.R.A.P. 121(a) (setting forth appellate rules for filing and service). **See Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa. Super. 2007) (even without postmark definitively noting date of mailing, panel may avoid quashal where date of receipt indicates appellant likely placed notice of appeal in hands of prison authorities before expiration of thirty days); **but see Commonwealth v. Green**, 862 A.2d 613, 618 (Pa. Super. 2004) (appellant's post-sentence motion filed one day late deemed untimely where previous day was neither weekend nor holiday).

[9] Our dockets indicate that Cole's brief was submitted on November 23, 2020, yet our Middle District Prothonotary's briefing letter to the Commonwealth ordered its appellee's brief due on December 10, 2020, evidencing that this docket date is incorrect. **See** Briefing Letter to Appellee, 11/18/20 ("Please

On appeal, Cole presents the following issues for our review:

(1)     Did the [PCRA] court abuse its discretion in holding that [Cole] did not meet the threshold requirements to invoke the PCRA [c]ourt's jurisdiction pursuant to 42 Pa.C.S.[A.] § 9545(b)(1)(ii)?

(2)     Did the [PCRA] court abuse its discretion in not appointing counsel and convening an evidentiary hearing to get Ms. Deanna Jackson's [(a/k/a Deanna Bell)] testimony on the record[,] when the [PCRA] court knew, or should have known, that [Cole] tried to present [her] testimony in the first timely PCRA petition[?]

Appellant's Brief, at vi.

Before we reach the merits of Cole's claims, we note that this is his second PCRA petition. Regarding a court's jurisdiction over a defendant's second or subsequent PCRA petition, our Supreme Court has stated that:

[a] second or subsequent request for PCRA relief will not be entertained unless the petitioner presents a strong *prima facie* showing that a miscarriage of justice may have occurred. The PCRA's timeliness requirements are jurisdictional

_____

be advised that the appellant's briefs have been filed with this office in the above[-]captioned matter."); **compare** Pa.R.A.P. 2185(a)(1) ("The appellee shall serve and file appellee's brief within 30 days after service of appellant's brief[.]"). From these rules, we deduce that Cole likely filed his brief on November 10, 2020. Nevertheless, this filing, too, was untimely. We note that, although Cole appeals *pro se*, he is still bound by all rules of appellate procedure. **See Commonwealth v. Adams**, 882 A.2d 496, 497-98 (Pa. Super. 2005) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant."). However, Cole's failure to comply with our rules and file a timely brief—an error that amounts to missing our deadline by only one day—does not impede our review; therefore, in the interests of justice, we will consider his appeal on its merits. **See Commonwealth v. Henry**, 706 A.2d 313, 318 n.4 (Pa. 1997) (although appellate review is best served when parties comply with the Rules of Appellate Procedure, where disregard of rules does not preclude appellate review, appellate court may proceed to merits review).

in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed. It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies.

***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1267-68 (Pa. 2008) (internal citations omitted). We have additionally recognized that the PCRA requires that:

> any petition[,] including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Diggs***, 220 A.3d 1112, 1116-17 (Pa. Super. 2019) (quotation marks and brackets omitted).

Here, Cole's judgment of sentence became final on March 12, 2009, at the expiration of the time for filing writ of certiorari in the United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9454(b)(3); U.S. Sup. Ct. R. 13. Therefore, Cole had until March 12, 2010, to file a PCRA petition, including any second or subsequent petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). The instant petition, Cole's second, filed on April 30, 2018—more than eight years after the PCRA's jurisdictional deadline—is patently untimely.

However, the PCRA contains three exceptions to the jurisdictional time requirements: (1) interference by government officials; (2) newly-discovered facts; and (3) an after-recognized constitutional right. ***See*** 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). A petitioner must plead an exception within one year of

the date his claim could have first been raised.[10]   *See* 42 Pa.C.S.A. § 9545(b)(2).

Here, Cole raises the newly-discovered facts exception by citation to the statute in his brief.  *See* Appellant's Brief, at 1 ("The [PCRA] court did abuse its discretion in holding that [Cole] did not meet the threshold requirements to invoke the PCRA [c]ourt's jurisdiction pursuant to 42 Pa.C.S.[A.] § 9545(b)(1)(ii).").

_____

[10] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises.  *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter.  *Id.* at § 3.

In this case, Cole alleges ineffective assistance of trial counsel for failing to call witness Jackson.  Cole argues that he only learned of his trial counsel's ineffectiveness in March of 2018.  *See* Petitioner's Memorandum of Law, 8/21/18, at 4.  Thus, Cole concludes that his petition, filed in April of 2018, is timely because it was filed within one year of Jackson's letter to him, which was dated March 16, 2018.  *See* Appellant's Brief, at 8.

As noted *infra*, because Cole was first aware of Jackson's potentially exculpatory testimony in 2009, the 60-day time limit applies to this claim. *See Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011)(time limit related to Section 9545(b)(2) runs from date petitioner first learns of alleged newly-discovered fact).  Additionally, we note that Cole raised a second claim in the PCRA court, which he does not address directly on appeal, alleging that the unavailability at trial of Commonwealth witness, Robert Davidson, effectively prevented him from cross-examining Davidson regarding Davidson's identification of Cole as the perpetrator.  *See* Trial Court Order and Notice of Intent to Dismiss, 11/30/18, at 5-6.  Because Cole abandons the newly-discovered fact exception with respect to this claim on appeal, we decline to address it.  Moreover, as discussed *infra*, Cole fails to plead any exception to the PCRA's time bar for either claim.

In order to overcome the PCRA's jurisdictional hurdle, under the newly-discovered facts exception, *see* 42 Pa.C.S.A. § 9545(b)(1)(ii), the petitioner "must establish that: (1) the **facts** upon which the claim was predicated were **unknown**[;] and (2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under [section 9545(b)(1)(ii)]." *Commonwealth v. Brown*, 111 A.3d 171, 177 (Pa. Super. 2015) (citing *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007)) (emphasis in original).

Regarding the due diligence required under this standard, we have previously stated that:

> Due diligence demands the petitioner to take reasonable steps to protect her [or his] own interests. This standard, however, entails neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief. Thus, the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented. A petitioner must explain why she [or he] could not have learned the new fact earlier with the exercise of due diligence. This rule is strictly enforced.

*Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa. Super. 2017).

Here, Cole has failed to plead and prove any exception to the one-year time bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). In essence, Cole's claim is that the PCRA court erred in applying section 9545(b)(2)'s time limitation to his case as follows:

> [A]ccording to the [PCRA] court, [Cole] loses out on the benefit of [presenting Jackson as a] potentially exculpatory witness []

- 7 -

because [Cole's appointed PCRA counsel] was unable to produce [Jackson in 2009 when Cole filed his first PCRA petition.] More damaging is the fact that if [Cole] went forward with the issue of [trial counsel's misinforming him regarding witness Jackson in his first PCRA petition] in 2009, the issue would have been meritless because [Jackson] was not [] present [in 2009]; only a statement [was available. Later], when [Jackson was willing to testify] in 2018, the issue would have been denied as previously litigated; a judicial estoppel. Now that [Cole] has [secured Jackson's willingness to testify, Jackson's] affidavit[,] what [Jackson] would testify to[,] and a statement of [her] willingness to testify[—]all presented to the PCRA [c]ourt within 60 days of discovery[—t]he PCRA [c]ourt says that it does not have jurisdiction because [Cole] knew of [Jackson] nine years ago. What!?!

Appellant's Brief, at 3-5. This argument fails to meet the newly-discovered fact exception insofar as it does not show that Cole was unaware of the content of Jackson's testimony until 2018. *See Brown*, *supra*. Indeed, Cole's supporting memorandum of law concedes this very point; Cole found out about the content of Jackson's potentially exculpatory testimony when he received his file from the Berks County Public Defender's Office in 2009. *See* Appellant's Memorandum of Law in Support of the Amended Post Conviction Relief Act Petition, at 3-4[11] ("When the Berks County Public Defender's Office [gave Cole] a copy of the discovery and trial transcripts [sometime in 2009, Cole, for] the first time[,] personally discovered [Jackson] was a witness and that she described someone other than [Cole] as the perpetrator of the crime [for which Cole] was convicted."). Moreover, Cole has failed to demonstrate that he exercised due diligence to procure Jackson's testimony between 2009

---

[11] Despite the Memorandum of Law's title, Cole's instant petition was never amended.

and 2018. **See Brown**, **supra**; **see also Shiloh**, **supra**. Cole must do more than baldly assert that his attorney "could no[t] find" Jackson in 2009, Appellant's Brief, at 4, or that Jackson was difficult to locate after "a long and exhausting search."[12] **Id.** Therefore, we conclude that the PCRA court's determination that Cole was aware of Jackson's potentially exculpatory testimony, at least since 2009, is supported by the record. **See Commonwealth v. Granberry**, 644 A.2d 204, 207 (Pa. Super. 1994) ("The findings of the post-conviction court will not be disturbed unless they have no support in the record."); **see also** Trial Court Order and Notice of Intent to Dismiss, 11/30/18, at 5 (finding Cole was first aware of Jackson's potentially exculpatory testimony in 2009).

---

[12] Cole argues in his brief that the following due diligence was adequate:

> In 2009, when [Cole] learned [of Jackson's existence as a potential witness], he presented her name to the court in his timely *pro se* PCRA [p]etition. Appointed counsel could not locate [Jackson] so the claim could not be raised in the amended PCRA [p]etition. [Cole] even added PCRA counsel's name to the witness certification of the [instant] PCRA [p]etition so counsel could come to court and testify as to his efforts in attempting to locate [Jackson] for the first PCRA [p]etition [in 2009].

Appellant's Brief, at 3-4. We find this explanation of Cole's due diligence efforts in locating and securing Jackson as a witness to be woefully inadequate where Cole has failed to include any explanation of the details of his effort. **See Shiloh**, **supra**; **see also Commonwealth v. Williams**, 35 A.3d 44, 53 (Pa. Super. 2011) ("A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.") (citation omitted).

Because the PCRA's time limit rules are jurisdictional in nature, ***see***

***Abu-Jamal***, ***supra***, and the PCRA court was **required** to apply them to this

case, we discern no error.  ***See also Commonwealth v. Cruz***, 852 A.2d 287,

292 (Pa. 2004) (finding PCRA time limits constitutional); ***Commonwealth v.***

***Taylor***, 933 A.2d 1035, 1038 (Pa. Super. 2007) ("[N]o court has jurisdiction

to hear an untimely PCRA petition.").[13]

---

[13] Additionally, we note that Cole's brief refers to newly-discovered facts, ***see*** 42 Pa.C.S.A. § 9545(b)(1)(ii), and after-discovered evidence, ***see*** 42 Pa.C.S.A. § 9543(a)(2)(vi)—which are separate and distinct concepts—within the argument section of his first jurisdictional issue.  ***See*** Appellant's Brief, at 1-2 ("The PCRA [c]ourt's reasoning for stating that it did not have jurisdiction over this **after-discovered evidence** claim [was that Cole was made aware of Jackson's potentially exculpatory testimony in 2009.]") (emphasis added). Cole later argues that his claim qualifies as "after-discovered evidence" under the argument heading for his second claim on appeal.  ***See*** Appellant's Brief, at 5-6.  Nevertheless, our Supreme Court has explained how these concepts differ:

> To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence.  However, where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

***Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017) (citation omitted).

Here, Cole has not met the exception for the time bar; therefore, there is no jurisdiction to address the issue of after-discovered evidence.  ***See*** ***Commonwealth v. Cox***, 146 A.3d 221, 227-30 (Pa. 2016) (appellant must

Order affirmed.[14]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/15/2021

_____

invoke PCRA court's jurisdiction prior to review of eligibility for relief under subsection 9543(a)(2)(vi)).

[14] We need not reach Cole's second issue on appeal given that the PCRA court lacked jurisdiction to hear his petition in the first place. Moreover, given that: (1) Cole fails to present a genuine issue of material fact; (2) his petition warrants no relief; and (3) no purpose would be served by any further proceedings, the PCRA court's dismissal of Cole's petition, without a hearing, was supported by the record and free of legal error. **See Commonwealth v. Shaw**, 217 A.3d 265, 269 (Pa. Super. 2019) ("[A] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings."). Here, Cole has failed to plead and prove that an evidentiary hearing was required, or that the interests of justice required appointment of counsel. **See** Pa.R.Crim.P. 904(D), (E).